PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SAMUEL A. JUDD,                                              :
                                                             :
            Plaintiff,                               :   No. 07 Civ. 7932 (GEL) (HP)
                                                             :
v.                                                           :   **ANSWER**
                                                             :
TAKE-TWO INTERACTIVE SOFTWARE, INC.,                         :
                                                             :
            Defendant.                               :
------------------------------------------------------------ X

       Defendant, Take-Two Interactive Software, Inc., ("Take-Two"), by and through its attorneys, Proskauer Rose LLP, hereby answer the Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2.     Admit the allegations in paragraph 2 of the Complaint.

       3.     The allegation contained in paragraph 3 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied.

       4.     The allegation contained in paragraph 4 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied,

except admit that Plaintiff alleges that the Court's jurisdiction is predicated on diversity of citizenship.

5. The allegation contained in paragraph 5 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied, except admit that Plaintiff alleges that the Court's jurisdiction over Take-Two is predicated on CPLR §301.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

## BACKGROUND FACTS

7. Admit the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint, except admit Judd was employed as the Senior Vice President of Planning and Administration, reporting to Take-Two's Chief Executive Officer or his designee, and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

9. Deny the allegations in paragraph 9 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

10. Deny the allegations in paragraph 10 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

11. Deny the allegations in paragraph 11 of the Complaint.

2

12. Deny the allegations in paragraph 12 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Admit the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006 and that Take-Two did not pay Plaintiff a cash bonus for those years.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Admit the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that Ben Felder was Take-Two's Acting CEO in May 2007 and that there was to be no continuing role for Judd after his contract expired.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

24. Deny the allegations in paragraph 24 of the Complaint, except admit that Take-Two received a letter on behalf of Plaintiff, dated May 30, 2007, which purported to assert a Good Reason termination.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint, except admit that Judd ceased providing services to Take-Two and terminated his employment on June 29, 2007.

27. Deny the allegations in paragraph 27 of the Complaint, except admit that on June 29, 2007, Judd stopped providing service of any type and performing his duties under the Employment Contract and returned certain Take-Two property that had been in his care and custody.

28. Defendant denies the allegations in paragraph 28 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

## FOR THE FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT – BONUS)

29. Defendant repeats its responses to paragraphs 1 through 28 above as if fully restated herein.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006 and that Take-Two did not pay Plaintiff a cash bonus for those years.

31. Deny the allegations in paragraph 31 of the Complaint.

4

32. Deny the allegations in paragraph 32 of the Complaint.

33. The allegation contained in paragraph 33 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies the allegations in paragraph 33 of the Complaint and respectfully refers the Court to the cited Employment Agreement for the best evidence of its content.

34. Deny the allegations in paragraph 34 of the Complaint.

## FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT – TERMINATION PAY)

35. Defendant repeats its responses to paragraphs 1 through 34 above as if fully restated herein.

36. Deny the allegations in paragraph 36 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

40. If Plaintiff has suffered damages, which Defendant expressly denies, upon

information and belief, Plaintiff has failed to take reasonable and diligent efforts to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

41. To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own action or inaction.

### FOURTH AFFIRMATIVE DEFENSE

42. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's failure to fulfill the condition precedent and/or to perform under the contract.

### SIXTH AFFIRMATIVE DEFENSE

44. Any compensation to which Plaintiff may have been legally entitled has already been paid to Plaintiff by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

45. Take-Two's conduct towards Judd was always in good faith and at all times, Take-Two dealt fairly with Judd.

### EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiff surrendered and discharged any contractual right to a bonus by failing to object or by acquiescence.

6286/73539-018 Current/10102715v3

## NINTH AFFIRMATIVE DEFENSE

47.     A the time of contracting, Take-Two and Plaintiff did not share a common intent with respect to the amount, timing, or determination of any possible bonus payable to Plaintiff and therefore, there was no mutual assent on that issue, and Take-Two has no obligation to Plaintiff as to any bonus.


Dated: New York, New York
       October 9, 2007


                                        PROSKAUER ROSE LLP


                                        By: _____
                                             Kathleen M. McKenna
                                             Thomas A. McKinney
                                        1585 Broadway
                                        New York, New York 10036
                                        (212) 969-3000
                                        *Attorneys for Defendant*