

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SAMUEL JUDD,

                Plaintiff,

     - against -

TAKE-TWO INTERACTIVE
SOFTWARE, INC.,

               Defendant.
------------------------------------------------------X

**STIPULATION AND ORDER OF CONFIDENTIALITY**

07 Civ 7932 (GEL) (HP)

      WHEREAS, Plaintiff Samuel Judd ("Plaintiff") and Defendant Take-Two Interactive Software, Inc. ("Defendant") (Plaintiff and Defendant together, "the parties") are presently engaged in discovery; and

      WHEREAS, the parties agree that certain information being sought in discovery or contained in documents being sought in discovery may be of a confidential nature;

      NOW, THEREFORE, the parties stipulate that:

### INFORMATION SUBJECT TO THIS STIPULATION

      1.    This Stipulation and Order shall apply to all documents, and information designated by either party herein as "confidential" (hereinafter the "CONFIDENTIAL INFORMATION"). CONFIDENTIAL INFORMATION shall be limited to (i) personal information regarding Plaintiff (including, but not limited to, medical information), (ii) personal

information regarding natural persons who are not parties to this lawsuit, and (iii) confidential or proprietary business information of Defendant.

## AFFIXING OF NOTICE

2. CONFIDENTIAL INFORMATION contained in physical objects or documents, including any diskettes, magnetic or removable media, transcripts, exhibits, answers to interrogatories and other discovery requests, or copies thereof may be designated by stamping or affixing thereto the appropriate legend "CONFIDENTIAL." Any document so designated, and any information contained in any document or object so designated, shall be handled and treated by the receiving party in accordance with this so-ordered Stipulation and Order of Confidentiality. The designation by any party of any information as CONFIDENTIAL INFORMATION shall constitute a discovery response by the designating party and shall be deemed to be a signed certification pursuant to Fed. R. Civ. 26(g) by the designating party's attorney with respect to that response, including that the designation comports with the limitation provided for in paragraph 1, above.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

3. Subject to the provisions of paragraph 4, persons authorized to receive CONFIDENTIAL INFORMATION (hereinafter "qualified recipient") shall only include:

> (i) Any partners, associates, or employees (which shall be deemed to include clerical personnel engaged through "temp agencies") of Kudman Trachten Aloe LLP; (ii) any future counsel for Plaintiff; (iii) Plaintiff; (iv) any expert and expert's staff or third party employed, retained or consulted by Plaintiff or his

6544/73539-018/ Current /10878103v3

attorneys for the purpose of assisting in the prosecution of this litigation, provided that the requirements of paragraph 4 are met; (v) any partners, associates or employees of Proskauer Rose LLP; (vi) any future counsel for Defendant; (vii) Defendant, including any employee or former employee of Defendant, involved in or connected with this litigation; (viii) any expert and expert's staff or third party employed or retained by Defendant or its attorneys for the purpose of assisting in the defense of this litigation, provided that the requirements of paragraph 5 are met; (ix) any potential trial witnesses; (x) the Court, its personnel, and shorthand reporters or videographers who take and transcribe testimony in connection with this action, as well as necessary secretarial and clerical assistants.

4. Counsel desiring to disclose CONFIDENTIAL INFORMATION to any qualified recipient identified in paragraph 3, shall have such person: read this Stipulation and Order. In addition, counsel wishing to disclose CONFIDENTIAL INFORMATION to qualified recipients, identified in subsections (iii) (iv) (vii) (viii) and (ix) shall have such persons execute the Agreement to be Bound by the Stipulation of Confidentiality in the form attached hereto as Exhibit "A."

**LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION**

5. CONFIDENTIAL INFORMATION, so long as it remains so classified, shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed or made accessible to any person who is not a qualified recipient. CONFIDENTIAL

INFORMATION shall be maintained in a manner that is reasonably designed to prevent disclosure or access by anyone except qualified recipients.

6. Only qualified recipients and counsel may be present at a deposition at which CONFIDENTIAL INFORMATION is presented.

### PROCEDURE ON RECEIVING PARTY'S NON-CONCURRENCE WITH DESIGNATION

7. A party receiving CONFIDENTIAL INFORMATION may at any time notify in writing (including by email, courier or fax) the designating party that the receiving party does not concur in one or more CONFIDENTIAL designations, specifying the designations with which it does not concur. If the designating party declines to declassify the information that had been designated and thus classified as CONFIDENTIAL, the designating party may within ten (10) business days after receipt of the notice of non-concurrence move the Court for a protective order. If no such motion is timely filed, the information specified in the notice of non-concurrence shall be deemed declassified and shall no longer be treated as CONFIDENTIAL INFORMATION under this Stipulation and Order. If a motion is filed to protect information designated as CONFIDENTIAL, that information shall continue to be deemed CONFIDENTIAL INFORMATION pending the Court's determination of the motion. In any motion for a protective order, the burden of showing good cause for protection shall be upon the proponent without regard to this Stipulation and Order.

8. A party receiving CONFIDENTIAL INFORMATION does not concede that such information qualifies as such or is otherwise protectable regardless of whether such party gives notice of non-concurrence with the designation.

## MISCELLANEOUS

9. This Stipulation shall be without prejudice to the right of any party to oppose production of any information on any ground other than the presence of CONFIDENTIAL INFORMATION.

10. The designation of "CONFIDENTIAL INFORMATION" pursuant to this Stipulation shall not be construed as a concession by the disclosing party that such information is relevant or material to any issue or otherwise discoverable.

11. Nothing contained in this Stipulation shall affect or restrict the rights of any party with respect to its own documents.

12. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the counsel of record for the party against which such waiver will be effective.

13. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of the disclosure, shall not in and of itself be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

14. Upon final termination of this action, including all appeals, each party shall return all original materials produced and designated as CONFIDENTIAL INFORMATION to the producing party, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work

product materials, which contain or refer to CONFIDENTIAL INFORMATION, except that counsel may retain one archival copy of all such documents subject to this Stipulation.

15. This Stipulation is entered without prejudice to the right of any party to apply to the Court at any time for additional protection.

IT IS SO ORDERED, with the consent of the parties, this 9th day of April, 2008.

_____
Gerard E. Lynch, U.S.D.J.

**CONSENTED TO**:

Dated: 4/4, 2008

KUDMAN TRACHTEN ALOE LLP

By: _____
Gary Trachten
Alisa L. Silverstein
Attorneys for Plaintiff
350 Fifth Avenue
New York, NY 10118
(212) 868-1010

Dated: 4/3, 2008

PROSKAUER ROSE LLP

By: _____
Kathleen M. McKenna
Thomas A. McKinney
Attorneys for Defendant
1585 Broadway
New York, NY 10036
(212) 969-3130

6544/73539-018/ Current /10878103v3

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SAMUEL JUDD,

                Plaintiff,                07 Civ. 7932 (GEL) (HP)

- against -

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                Defendant.
----------------------------------------------------------- x

### AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1.    I have read and am familiar with the terms of the Stipulation and Order of Confidentiality ("Stipulation") (a copy of which is attached) in the above-captioned case governing disclosure of information designated as confidential.

2.    I have been instructed by either counsel for Samuel Judd or counsel for Take-Two, Interactive Software, Inc. ("Take-Two") without waiver of any attorney-client privilege, that the Court has ordered that any information designated as "confidential" and which I learned solely from Sam Judd, Take-Two, or their counsel in connection with the lawsuit referenced above, shall be kept confidential and used by me only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any of said confidential information other than under the limited conditions permitted in the Stipulation and Order of Confidentiality.

3. I agree to abide by all the terms of the Stipulation and Order of Confidentiality and will not reveal or otherwise communicate to anyone any confidential information disclosed to me solely pursuant thereto except in accordance with the terms of said Stipulation and Order of Confidentiality.

4. I agree not to use any confidential information for any purpose other than the litigation of the above-captioned matter.

5. I agree to return to producing counsel any and all documentation delivered to me under the terms of said Stipulation and Order of Confidentiality and all copies thereof and to destroy any notes in my possession to the extent they contain any confidential information covered by the terms of this Stipulation and Order of Confidentiality.

6. I acknowledge that the Stipulation and Order of Confidentiality is binding on me, recognizing that it has no application to information to the extent that I learn it other than from its disclosure to me by a party to the above-captioned lawsuit or such party's counsel.

7. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Stipulation and Order of Confidentiality and, if I have not complied, to determine after notice and an opportunity to be heard, what remedy, if any, should be offered to the designating party, taking into account whether the designation and classification of the information as confidential was and continued to be proper and/or factually and legally sustainable.

Executed this ____ day of _____, 200__, at _____.

_____
Signature

6544/73539-018 Current/10878103v3

_____
Printed Name

_____
Address