Exhibit B

**Westlaw.**

Slip Copy
Slip Copy, 2008 WL 906076 (S.D.N.Y.)
**(Cite as: Slip Copy, 2008 WL 906076)**

Page 1

**Judd** v. **Take-Two** Interactive Software, Inc.
S.D.N.Y.,2008.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Samuel A. JUDD, Plaintiff,
v.
**TAKE-TWO** INTERACTIVE SOFTWARE, INC.,
Defendant.
**No. 07 Civ. 7932(GEL).**

April 3, 2008.

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge.
*1 By joint letter dated March 27, 2008, the parties seek judicial resolution of various disputes that have arisen during the course of the discovery process. Plaintiff complains that defendant has refused to engage with plaintiff to resolve discovery disputes or to narrow discovery issues, and seeks a Local Rule 37.2 conference in lieu of a party conference. Defendant admits that it has not been as diligent in attending to this case as it should, points to a combination of events that have prevented it and its lawyers from attending to this matter, and requests that all deadlines in the discovery schedule be extended by 3 months.

Defendant appears to understand that, whatever excuses it may have had for its actions (or, more accurately, nonactions), now is the time to "give this matter the attention it unquestionably deserves."(Joint Letter from Gary Trachten for plaintiff and Kathleen M. MecKenna for defendant, dated March 27, 2008, at 13.) On the assumption that defendant will now make this case a priority, the discovery process will be extended for a period of 6 weeks.

The joint letter raises a number of issues in addition to defendant's request for the extension of discovery, only one of which needs to be addressed at the

present moment. Defendant has failed to respond to plaintiff's December 18, 2007, letter requesting the last known addresses of individuals known by the defendant to have knowledge related to this case. Defendant attempts to justify this failure by noting that some individuals falling within the scope of plaintiff's request "likely had access to privileged information."(Joint Letter at 9.) Defendant intends "only [to] provide the address and phone number of Defendant's counsel for former Take-Two employees so as to preclude Plaintiff from attempting to conduct *ex parte* interviews of former employees of the Defendant who will assist Defendant in defending this case."(Joint Letter at 8-9.) Defendant's position is meritless.

As a general rule, a party cannot prevent an adverse party from conducting *ex parte* interviews with its former employees. "It is consistent with time-honored and decision-honored principles ... that counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private, without the presence or consent of opposing counsel and without a transcript being made."*G-I Holdings, Inc. v. Baron & Budd,* 199 F.R.D. 529, 533 (S.D.N.Y.2001), quoting *Int'l Business Machines Corp. v. Edelstein,* 526 F.2d 37, 42 (2d Cir.1975) (internal quotation marks omitted). This principle applies to former employees of an adverse party. *G-I Holdings, Inc.,* 199 F.R.D. at 533. However, special problems are presented by "former employees who possess knowledge regarding privileged communications," and where a party can show that former employees were privy to confidential information, a protective order may issue where there exists a real risk that the former employees unintentionally would disclose privileged information or communications. *Id.* at 533-34.Although opposing counsel cannot "inquire about such [privileged information] from the former employee," the mere fact that former employee possesses privileged information "would not justify precluding any contact with that individual."*King-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 906076 (S.D.N.Y.)
(Cite as: Slip Copy, 2008 WL 906076)

*sway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2006 WL 1520227, at *5 (S.D.N.Y. June 1, 2006) (Pitman, M.J.). Although a protective order may be appropriate in some circumstances, there exists no per se federal rule regarding the existence or scope of a protective order, and "[t]o say that a protective order may issue ... does not mean that it always should."*G-I Holdings, Inc.*, 199 F.R.D. at 534. "[S]o long as measures are taken to steer clear of privileged or confidential information, adversary counsel may conduct ex parte interviews of an opposing party's former employee."*Muriel Siebert & Co., Inc. v. Intuit Inc.*, 8 N.Y.3d 506, 511 (2007). Moreover, in deciding whether a protective order should issue, and what form it should take, the Court is mindful that:

*2 ex parte interviews with [former employees] have been recognized as having an important role in information gathering in that former employees often have emotional or economic ties to their former employer and would sometimes be reluctant to come forward with potentially damaging information if they could only do so in the presence of the corporation's attorney.

*G-I Holdings, Inc.*, 199 F.R.D. at 533 (citations and internal quotation marks omitted).

Here, defendant's arguments cannot justify a protective order or any other relief. First, it appears that the defendant has failed to identify any former individuals, including those who have not been exposed to privileged information. Second, for those individuals who may have been exposed to privileged information, defendant's arguments are woefully inadequate to justify a protective order. A party seeking a protective order in this situation has the burden of establishing the essential elements of the privilege. *G-I Holdings, Inc.*, 199 F.R.D. at 533. Defendant does not make any effort to identify the individuals who may have had access to privileged information, or describe the nature or extent of their exposure, and merely asserts that some of the individuals that plaintiff may seek to interview "likely had access to privileged information."(Joint Letter

at 9.) However, generalized assertions that a former employee may have had exposure to privileged information are insufficient to allow the Court to craft a meaningful protective order. *See id.* at 535, citing *Fu Inv. Co. Ltd. v. Commissioner of Internal Revenue*, 104 T.C. 408, 415-16 (1995); *see also Cram v. Lamson & Sessions Co.*, 148 F.R.D. 259, 266 (S.D.Iowa 1993); *Valassis v. Samelson*, 143 F.R.D. 118, 125 (E.D.Mich.1992).

Defendant relies on *G-I Holdings* for support. However, in that case the defendants were themselves law firms, and there was "little doubt" that the former employees had "extensive" exposure to privileged information. 199 F.R.D. at 534. Here, in contrast, defendant makes no showing that any of its former employees have had "extensive" exposure to privileged information. Moreover, the "danger of inadvertent disclosure" of privileged information by the former employees in *G-I Holdings* was "compounded by the fact that [plaintiffs agents who were to conduct the ex parte interviews] are themselves lay persons, and thus, are in little better position than the interviewees to assess whether privileged material is being disclosed."*Id.* at 535.Here, there is no suggestion that the plaintiff's attorneys would not conduct any potential interviews themselves, and, the Court must assume, until demonstrated otherwise, that all attorneys before this Court will behave properly as officers of the Court. In conducting any ex parte interviews, the Court expects that plaintiff's attorneys would advise any interviewee of the attorneys' representation and interest in the ongoing litigation, and would direct the former employee to avoid disclosing privileged or confidential information, not to answer any questions that would lead to the disclosure of such information, and would ensure that the interviewee understands those admonitions before conducting the interview. *See, e.g., Muriel Siebert & Co., Inc.*, 8 N.Y.3d at 512. In addition, the subjects about which plaintiff sought to interview defendant's former employees in *G-I Holdings*,"such as how the firms prepare their clients for deposition," came "dangerously close" to privileged matters.*Id.* Here,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 906076 (S.D.N.Y.)
**(Cite as: Slip Copy, 2008 WL 906076)**

again, there is no showing that plaintiff will question former employees on privileged matters, and the Court expects that plaintiff's attorneys would not purposely seek the disclosure of privileged or confidential information, and would immediately stop the interview were there a concern that the interviewee was about to disclose potentially privileged information.

*3 Of course, if any former employee is represented by his own counsel, then plaintiff's attorneys cannot contact such an employee directly, and must communicate through counsel. Defendant may also offer to provide its former employees with counsel. However, defendant has no right to refuse to identify former employees who may have discoverable information, and no independent right to have its counsel present at those interviews (absent a much more substantial showing than as of yet has been made). If the defendant knows that a former employee has retained counsel, then defendant may provide plaintiff with the contact information for that counsel. Otherwise, defendant must provide plaintiff with the last known addresses of those former employees who have discoverable information.

Accordingly, it is hereby ORDERED that:

1. Experts are to be designated by May 30, 2008, plaintiff's expert reports are to be exchanged no later than June 11, 2008, and defendant's expert reports are to be exchanged no later than June 25, 2008.

2. All fact discovery (including depositions) is to be completed by July 11, 2008.

3. The case management conference currently scheduled for June 6, 2008, at 10:30 a.m. is rescheduled for July 25, 2008, at 10:30 a.m.

4. Dispositive motions are to be served and filed by August 11, 2008, with answering papers to be served and filed by September 8, 2008, and reply papers to be served and filed by September 22,

2008.

5. Within three business days, defendant will provide plaintiff with the last known addresses of individuals known by the defendant to have knowledge related to this case, or the address of such an individual's personal retained counsel.

SO ORDERED.

S.D.N.Y.,2008.
Judd v. Take-Two Interactive Software, Inc.
Slip Copy, 2008 WL 906076 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.