Exhibit C

Gary Trachten (GT5480)
Alisa L. Silverstein (AS2926)
**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAMUEL A. JUDD,

                        Plaintiff,

      -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                        Defendant.
----------------------------------------------------------------X

ECF Case
07 Civ. 7932 (GEL)(HP)

**PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, the plaintiff hereby propounds to the defendant the interrogatories set forth below. The plaintiff demands that the defendant respond to these interrogatories in the manner and within the time prescribed by those Rules.

## DEFINITIONS

The Uniform Definition in Interrogatory Requests set forth in Rule 26.3 of the Local Civil Rules of this Court shall govern these interrogatories. The following definitions are also hereby made applicable:

1.    "Judd" means the plaintiff Samuel A. Judd.

2.    "Take-Two" means the defendant Take-Two Interactive Software, Inc. and any Affiliate of Take-Two, as defined below.

3.    "Affiliate of Take-Two" means any person or entity who or that, as a legal or

practical matter, controls Take-Two; is controlled by Take-Two; is controlled by a person or entity that controls Take-Two; controls or is controlled by any person or entity that is an Affiliate of Take-Two; or is, or administers, any employee benefit Plan sponsored by Take-Two (including all of its affiliated entities).

4. The term "Employment Agreement" refers to and means the written Employment Agreement between the parties, dated as of July 30, 2004.

5. The phrase "quantitative and qualitative performance targets," as used herein, shall have the meaning that Take-Two gives to that phrase as used in Section 3(b) of the Employment Agreement.

6. The term "Good Reason Notice Letter" means the letter dated May 29, 2007 from Gary Trachten, Esq., counsel for Judd, to Take-Two, attention Ben Feder.

7. The term "Take-Two-Designated Knowledgeable Persons" means those persons whom Take-Two has listed in its Initial Disclosures as persons who "may have knowledge relevant to its defenses in this case".

## INTERROGATORIES

1. Identify, each and every *former* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Take-Two executive personnel generally for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

2. Identify, each and every *former* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to

2

Judd generally for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

3.     Identify, each and every *current* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Take-Two executive personnel generally for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

4.     Identify, each and every *current* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Judd in particular for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

5.     Identify, all *former* members of Take-Two's Board of Directors that were members of its Compensation Committee for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

6. Identify all *current* members of Take-Two's Board of Directors that were members of its Compensation Committee for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) fiscal year 2007.

7. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its information technology functions (other than as it related to Take Two product technology) for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006; and

    (d) any and all parts of fiscal year 2007; and

    (e) the period of May-June 2007.

8. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its procurement and/or purchasing functions for (separately):

    (a) fiscal year 2004;

    (b) fiscal year 2005;

    (c) fiscal year 2006;

    (d) any and all parts of fiscal year 2007; and

(e) the period of May-June 2007.

9. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its insurance review and procurement and/or risk management functions for (separately):

(a) fiscal year 2004;

(b) fiscal year 2005;

(c) fiscal year 2006;

(d) any and all parts of fiscal year 2007; and

(e) the period of May-June 2007.

10. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business planning functions for (separately):

(a) fiscal year 2004;

(b) fiscal year 2005;

(c) fiscal year 2006;

(d) any and all parts of fiscal year 2007; and

(e) the period of May-June 2007.

11. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its strategic development functions for (separately):

(a) fiscal year 2004;

(b) fiscal year 2005;

(c) fiscal year 2006;

(d) any and all parts of fiscal year 2007; and

(e) the period of May-June 2007.

12. Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business forecasting functions for (separately):

(a) fiscal year 2004;

(b) fiscal year 2005;

(c) fiscal year 2006;

(d) any and all parts of fiscal year 2007; and

(e) the period of May-June 2007.

13. Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who (in any role) from February through July 2007, had any conversations or exchanges of written communications with Judd about:

(a) Judd's then current role and position in Take-Two;

(b) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the time of communication through the expiration of the term of the Employment Agreement; and

(c) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

14. Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July 2007, had any conversations or

exchanges of written communications with any other officer, director and/or executive of Take-Two about:

    (a) Judd's then current role and position in Take-Two;

    (b) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two from the time of communication through the expiration of the term of the Employment Agreement; and

    (c) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

15.   Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July, 2007, who has had any conversations or exchanges of written communications with any other officer, director and/or executive of Take-Two about who and/or executive position(s) would thereafter (whether in the short or long term) have executive responsibility for:

    (a) reviewing or analyzing insurable risks and/or procuring insurance;

    (b) general procurement/purchasing;

    (c) information technology (other that as it concerns Take-Two product technology);

    (d) business planning;

    (e) strategic planning; and

    (f) business forecasting.

16.   Identify each and every current and former executive employee and director of Take-Two that attended any meetings in the period of January through June 2007 in which any

draft, proposed, recommended, or implemented organizational chart for Take Two (or any part thereof) was discussed.

17. Identify each and every current or former agent for Take Two who, on behalf of Take-Two -

    (a) reached mutual agreement with Judd on "quantitative and qualitative performance targets" for (separately):

        (i) fiscal year 2004;

        (ii) fiscal year 2005;

        (iii) fiscal year 2006; and

        (iv) fiscal year 2007;

    (b) proposed to Judd's consideration, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i) fiscal year 2004;

        (ii) fiscal year 2005;

        (iii) fiscal year 2006; and

        (iv) fiscal year 2007; and/or

    (c) requested that Judd propose, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i) fiscal year 2004;

        (ii) fiscal year 2005;

        (iii) fiscal year 2006; and

        (iv) fiscal year 2007.

18. Identify each and every current and former employee and director of Take-Two

who has discussed with any other current or former employee or director:

    (a) the fact and/or content of the Good Reason Notice Letter;

    (b) Take-Two's plans for any investigation (if any), conduct and/or communications (if any) responsive to or in connection with the Good Reason Notice Letter;

    (c) Take-Two's actual investigation and/or communications undertaken in response to or in connection with the Good Reason Notice Letter; and

    (d) any information obtained as part of any investigation into the contentions set forth in the Good Reason Notice Letter.

19. Identify, each and every former employee or director of Take-Two who has retained Proskauer Rose LLP as his or her attorney in connection with this case –

    (a) upon a suggestion or solicitation of a representative of Proskauer Rose LLP that he or she do so, further identifying the natural person who made the suggestion or solicitation;

    (b) upon the suggestion or solicitation of Take-Two, further identifying the natural person who made the suggestion or solicitation;

    (c) by making a request for such representation upon his or her own initiation, without prior suggestion by Take-Two or Proskauer Rose LLP and without first being told by Take-Two or Proskauer Rose LLP of the opportunity to make such request;

    (d) for whom Take-Two is bearing the legal fees associated with such representation; and

    (e) who is bearing his or her own expense in connection with Proskauer Rose

LLP's services as such person's attorney.

20. If Take-Two has information or a belief that any former employee or former director of Take-Two has retained an attorney other than Proskauer Rose LLP in connection with this case -

    (a) identify each such former employee or former director;

    (b) with respect to each such person, identify his or her attorney; and

    (c) identify each such person for whom Take-Two has paid, or anticipates it will pay (or reimburse), for that person's attorney fees in connection with the representation.

21. In connection with Take-Two's contention, as stated in its attorney's June 29, 2007 letter to Judd's attorney, that economic and business challenges that Take-Two has faced have "prompted the Company to reorganize its business operations; a process which involves downsizing, relocation, and restructuring," identify all current and former officers, employees and directors that -

    (a) formulated such reorganization plans;

    (b) had executive responsibility for overall implementation of such reorganization plans; and

    (c) had executive responsibility for implementation of such reorganization specifically in connection with:

        (i) procurement and/or purchasing;

        (ii) risk management as it concerns consideration of insurance and insurance procurement;

        (iii) business planning;

      (iv)   strategic planning; and

      (v)   information technology (other than as it concerns specifically Take-Two product technology).

22. Identify all persons who have personal knowledge of the reasons why, as contended in Take-Two's attorney's June 29, 2007 letter to Judd's attorney, no targets were agreed upon for fiscal years 2006 and 2007.

23. Identify all persons who, with respect to or in connection with Take-Two's electronic document filing, maintenance and storage system(s), have:

    (a) substantial familiarity;

    (b) detailed knowledge; and

    (c) performed services for Take-Two during 2007.

Dated: New York, New York
       December 28, 2007

**KUDMAN TRACHTEN ALOE LLP**
*Attorneys for Plaintiff*

By: _____
Gary Trachten (GT5480)
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010