Exhibit K

# KUDMAN TRACHTEN ALOE LLP
ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4400
NEW YORK, NY 10118
(212) 868-1010

TELECOPIER (212) 868-0013
www.kudmanlaw.com

PAUL H. ALOE†
STUART R. KUDMAN*
GARY TRACHTEN††

MICHELLE S. BABBITT*

THOMAS M. FURTH**

MATTHEW H. COHEN*
WILLIAM E. HAMMOND**
JOHN S. LEGO***
ALISA L. SILVERSTEIN*

*ADMITTED IN NY & NJ
**ADMITTED IN NY ONLY
***ADMITTED IN NY & CA
†ADMITTED IN NY, NJ & PA
††ADMITTED IN NY, NJ, CT & GA

April 14, 2008

**Via Fax (212) 969-2900,
Email and Regular Mail**

Ian C. Schaefer
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Re:   Samuel A. Judd v. Take-Two Interactive Software, Inc.
      07 Civ. 7932 (GEL)
      Our File No. 2923.01

Dear Ian:

Upon further review the defendant's responses to the Plaintiff's First Request for Production, it appears to me that the defendant's response to Request No. 26 reflects a mistake or some confusion by the defendant. The Request seeks documents that concern each and every executive employee's performance target for each bonus period where each such executive's eligibility or entitlement to a bonus was tied (in whole or in part) to a stated quantitative and/or qualitative performance target. The defendant's response refers us to its response to Request Nos. 1, 2 and 3.

The responses makes no sense to me for the following reasons: Although documents responsive to Request Nos. 2 and 3 would also be responsive to Request No. 26 insofar as they concern Sam Judd's own performance targets, such responsive documents would fall far short of otherwise satisfying Request No. 26. Also, since Request No. 1 concerns only the post-employment obligations of former executive employees of the defendant, I cannot make sense of how documents responsive to Request No. 1 would have anything to do with Request No. 26.

Having reviewed Request No. 26, I acknowledge that, as written, it may be more open-ended relative to time than it needs to be. Therefore, to narrow and clarify that Request, please be advised that we seek those documents for those current or former executives who were employed during any part of fiscal years 2003-2007 with respect to all bonus periods for those individuals. Moreover, as you probably figured out from the Request's reference to policies and

## KUDMAN TRACHTEN ALOE LLP

Ian C. Schaefer
April 14, 2008
Page 2

plans (in addition to contracts), the phrase "stated quantitative and/or qualitative performance targets" should be read in its generic sense (including how it might be used in a written contract), rather that as a phrase which is defined solely by its intended meaning as used in a contract.

As part of the amended responses that you indicated are forthcoming, please clarify whether the defendant will produce documents responsive to Request No. 26 in addition to what it produces as documents responsive to Request Nos. 1, 2 and 3.

Very truly yours,

Gary Trachten

GT:lw
cc: Alisa Silverstein
    Kathleen McKenna
    Thomas McKinney