**Exhibit E**

PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SAMUEL A. JUDD,

                  Plaintiff,

              -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                Defendant.

-------------------------------------------------------------X

ECF Case
07 Civ. 7932 (GEL)(HP)

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**


## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

      Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, for its objections to Plaintiff Samuel Judd's ("Plaintiff") First Set of Interrogatories (the "Interrogatories"), and for its answers to said interrogatories, hereby states as follows:

### GENERAL OBJECTIONS, COMMENTS, AND QUALIFICATIONS

      1.     Defendant objects to the Interrogatories, including the "Definitions" and "General Instructions" contained therein, to the extent they seek to impose obligations on Defendant beyond the scope of the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York, or any other applicable rule or order.

2.      Defendant objects to the Interrogatories, including the "Definitions" and "General Instructions" contained therein, to the extent they are indefinite as to time, or without reasonable limitation in temporal scope.

3.      Defendant objects to the Interrogatories, including the "Definitions" and "General Instructions" contained therein, to the extent that they are vague and ambiguous.

4.      Defendant objects to the Interrogatories to the extent that they seek the disclosure of confidential information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  To the extent that any privileged information or document is produced inadvertently in response to the Interrogatories, such production shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or protection for such information, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  Any such information and/or document that is inadvertently produced shall be subject to return on demand.

5.      Defendant objects to the Interrogatories as overly broad, unduly burdensome, oppressive, and unreasonably expensive to the extent they seek production from Defendant of information and/or documents not in Defendant's possession, custody or control.

6.      Defendant objects to the Interrogatories to the extent that the information and/or documents sought are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome or less expensive.

7.      Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome, beyond the scope of permissible discovery, or seek information and/or documents without proper limit as to their subject matter.

8.      Defendant objects to the Interrogatories to the extent that they do not

2

specify the information and/or documents sought with reasonable particularity.

9.     It should not be inferred from the form or substance of any objection or response herein that Defendant agrees with Plaintiff's characterization of the facts in the Interrogatories.

10.     Defendant objects of the Interrogatories to the extent they seek formulations of legal conclusions.

11.     Defendant objects to the Interrogatories to the extent they relate to, or require production of, information that is already in the possession of Plaintiff.

12.     Defendant objects to the Interrogatories to the extent the information sought is equally, or more, available to Plaintiff.

13.     Defendant's answers are without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  Although persons who are non-parties, and who are not now employees of Defendant, may have information relevant to the subject matter of Plaintiff's Interrogatories, Defendant is not purporting to provide information, if any, presently possessed by such persons.  Any response contained herein is also made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof or the significance of which is later discovered.

14.     Defendant objects to the Interrogatories to the extent they seek home addresses and home telephone numbers, which are personal in nature and will not be disclosed absent a compelling reason.

15.     In making these objections and answers, Defendant does not waive or intend to waive, but on the contrary, reserves and intends to reserve:

a.  all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the information and/or documents produced hereunder or the subject thereof;

b.  the right to object on any ground to the use of the information and/or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

c.  the right to object on any ground, at any time, to a demand for further response or document production; and

d.  the right at any time to revise, supplement, correct, or add to its responses.

16.    These General Objections, Comments, and Qualifications ("General Objections") shall be deemed continuing throughout and incorporated into each and every one of the following specific objections and responses to the Interrogatories, whether or not expressly repeated in response to any particular Definition, Instruction or Interrogatory, unless otherwise noted. The statement of any specific objection in the following responses to the Interrogatories shall in no way waive or prejudice Defendant's assertion of the General Objections.

4

## INTERROGATORIES

**Interrogatory No. 1**

Identify, each and every *former* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Take-Two executive personnel generally for (separately):

      (a)    fiscal year 2004;

      (b)    fiscal year 2005;

      (c)    fiscal year 2006; and

      (d)    fiscal year 2007.

**Response to Interrogatory No. 1**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive personnel," "generally" and "participated." Defendant further objects on the grounds that it is seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the interrogatory is irrelevant as to individuals other than Plaintiff.

**Interrogatory No. 2**

Identify, each and every *former* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Judd generally for (separately):

      (a)    fiscal year 2004;

      (b)    fiscal year 2005;

(c)    fiscal year 2006; and

(d)    fiscal year 2007.

**Response to Interrogatory No. 2**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "generally" and "participated."

**Interrogatory No. 3**

Identify, each and every *current* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Take-Two executive personnel generally for (separately):

(a)    fiscal year 2004;

(b)    fiscal year 2005;

(c)    fiscal year 2006; and

(d)    fiscal year 2007.

**Response to Interrogatory No. 3**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive personnel," "generally" and "participated." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the interrogatory is irrelevant as to individuals other than Plaintiff.

6

**Interrogatory No. 4**

Identify, each and every *current* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Judd in particular for (separately):

   (a)  fiscal year 2004;

   (b)  fiscal year 2005;

   (c)  fiscal year 2006; and

   (d)  fiscal year 2007.

**Response to Interrogatory No. 4**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "generally" and "participated." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 5**

Identify, all *former* members of Take-Two's Board of Directors that were members of its Compensation Committee for (separately):

   (a)  fiscal year 2004;

   (b)  fiscal year 2005;

   (c)  fiscal year 2006; and

   (d)  fiscal year 2007.

**Response to Interrogatory No. 5**

Without waiving the foregoing general objections, Defendant states that the composition

of the Compensation Committee was as follows:

| | | |
|---|---|---|
| (a) | Fiscal Year 2004: | Robert Flug, Oliver R. Grace, Jr., Steven Tisch |
| (b) | Fiscal Year 2005: | Robert Flug, Mark Lewis, Steven Tisch |
| (c) | Fiscal Year 2006: | John Levy, Mark Lewis, Steven Tisch |
| (d) | Fiscal Year 2007: | John Levy, Mark Lewis, Steven Tisch (until March 2007) |
| | | Michael Dornemann, J. Moses, Michael Sheresky (March 2007 – present) |

**Interrogatory No. 6**

Identify all *current* members of Take-Two's Board of Directors that were members of its

Compensation Committee for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

      (c)     fiscal year 2006; and

      (d)     fiscal year 2007.

**Response to Interrogatory No. 6**

See Response to Interrogatory No. 5.

**Interrogatory No. 7**

Identify all former and current executive employees of Take-Two who had management,

planning and/or oversight responsibilities for its information technology functions (other than as

it related to Take Two product technology) for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

  (c)  fiscal year 2006; and

  (d)  any and all parts of fiscal year 2007; and

  (e)  the period of May-June 2007.

## Response to Interrogatory No. 7

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "information technology functions." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## Interrogatory No. 8

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its procurement and/or purchasing functions for (separately):

  (a)  fiscal year 2004;

  (b)  fiscal year 2005;

  (c)  fiscal year 2006;

  (d)  any and all parts of fiscal year 2007; and

  (e)  the period of May-June 2007.

## Response to Interrogatory No. 8

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and

9

"purchasing functions." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 9**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its insurance review and procurement and/or risk management functions for (separately):

        (a)    fiscal year 2004;

        (b)    fiscal year 2005;

        (c)    fiscal year 2006;

        (d)    any and all parts of fiscal year 2007; and

        (e)    the period of May-June 2007.

**Response to Interrogatory No. 9**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," "insurance review," "procurement," and "risk management." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 10**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business planning functions for (separately):

(a)    fiscal year 2004;

(b)    fiscal year 2005;

(c)    fiscal year 2006;

(d)    any and all parts of fiscal year 2007; and

(e)    the period of May-June 2007.

**Response to Interrogatory No. 10**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "business planning functions." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 11**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its strategic development functions for (separately):

(a)    fiscal year 2004;

(b)    fiscal year 2005;

(c)    fiscal year 2006;

(d)    any and all parts of fiscal year 2007; and

(e)    the period of May-June 2007.

**Response to Interrogatory No. 11**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and

11

"strategic development functions." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 12**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business forecasting functions for (separately):

      (a)    fiscal year 2004;

      (b)    fiscal year 2005;

      (c)    fiscal year 2006;

      (d)    any and all parts of fiscal year 2007; and

      (e)    the period of May-June 2007.

**Response to Interrogatory No. 12**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "business forecasting functions." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 13**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who (in any role) from February through July 2007, had any conversations or exchanges of written communications with Judd about:

   (a)  Judd's then current role and position in Take-Two;

   (b)  Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the time of communication through the expiration of the term of the Employment Agreement; and

   (c)  Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

**Response to Interrogatory No. 13**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive." Defendant further objects on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that the information sought is equally, or more, available to Plaintiff.

**Interrogatory No. 14**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July 2007, had any conversations or

13

exchanges of written communications with any other officer, director and/or executive of Take-Two about:

    (a)    Judd's then current role and position in Take-Two;

    (b)    Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two from the time of communication through the expiration of the term of the Employment Agreement; and

    (c)    Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

**Response to Interrogatory No. 14**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive." Defendant further objects on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 15**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July, 2007, who has had any conversations or exchanges of written communications with any other officer, director and/or executive of Take-Two about who and/or executive position(s) would thereafter (whether in the short or long term) have executive responsibility for:

    (a)    reviewing or analyzing insurable risks and/or procuring insurance;

    (b)    general procurement/purchasing;

  (c)  information technology (other that as it concerns Take-Two product technology);

  (d)  business planning;

  (e)  strategic planning; and

  (f)  business forecasting.

**Response to Interrogatory No. 15**

  Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive," "short or long term," "executive responsibility," "analyzing insurable," "procuring insurance," "general procurement," "purchasing," "information technology," "business planning," "strategic planning," and "business forecasting." Defendant further objects on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 16**

  Identify each and every current and former executive employee and director of Take-Two that attended any meetings in the period of January through June 2007 in which any draft, proposed, recommended, or implemented organizational chart for Take Two (or any part thereof) was discussed.

**Response to Interrogatory No. 16**

  Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive." Defendant further objects on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 17**

Identify each and every current or former agent for Take Two who, on behalf of Take-Two -

    (a)    reached mutual agreement with Judd on "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007;

    (b)    proposed to Judd's consideration, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007; and/or

    (c)    requested that Judd propose, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007.

16

**Response to Interrogatory No. 17**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "agent."

**Interrogatory No. 18**

Identify each and every current and former employee and director of Take-Two who has discussed with any other current or former employee or director:

      (a)     the fact and/or content of the Good Reason Notice Letter;

      (b)     Take-Two's plans for any investigation (if any), conduct and/or communications (if any) responsive to or in connection with the Good Reason Notice Letter;

      (c)     Take-Two's actual investigation and/or communications undertaken in response to or in connection with the Good Reason Notice Letter; and

      (d)     any information obtained as part of any investigation into the contentions set forth in the Good Reason Notice Letter.

**Response to Interrogatory No. 18**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "investigation" as cited throughout the interrogatory. Defendant further objects on the grounds that it is overly broad and unduly burdensome.

17

**Interrogatory No. 19**

Identify, each and every former employee or director of Take-Two who has retained Proskauer Rose LLP as his or her attorney in connection with this case -

      (a)    upon a suggestion or solicitation of a representative of Proskauer Rose LLP that he or she do so, further identifying the natural person who made the suggestion or solicitation;

      (b)    upon the suggestion or solicitation of Take-Two, further identifying the natural person who made the suggestion or solicitation;

      (c)    by making a request for such representation upon his or her own initiation, without prior suggestion by Take-Two or Proskauer Rose LLP and without first being told by Take-Two or Proskauer Rose LLP of the opportunity to make such request;

      (d)    for whom Take-Two is bearing the legal fees associated with such representation; and

      (e)    who is bearing his or her own expense in connection with Proskauer Rose LLP's services as such person's attorney.

**Response to Interrogatory No. 19**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "suggestion" and "solicitation." Defendant further objects on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the interrogatory to the extent it seeks information, documents or communications that are protected from disclosure by the attorney-

client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant states that Proskauer Rose LLP has not been retained by any former Take-Two employee or director in connection with this case.

**Interrogatory No. 20**

If Take-Two has information or a belief that any former employee or former director of Take-Two has retained an attorney other than Proskauer Rose LLP in connection with this case -

      (a)      identify each such former employee or former director;

      (b)      with respect to each such person, identify his or her attorney; and

      (c)      identify each such person for whom Take-Two has paid, or anticipates it will pay (or reimburse), for that person's attorney fees in connection with the representation.

**Response to Interrogatory No. 20**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the interrogatory to the extent it seeks information, documents or communications that are protected from disclosure by the attorney client-privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant states it does not have knowledge or information sufficient to

form a belief that any former employee or former director of Take-Two has retained an attorney other than Proskauer Rose LLP in connection with this case

**Interrogatory No. 21**

In connection with Take-Two's contention, as stated in its attorney's June 29, 2007 letter to Judd's attorney, that economic and business challenges that Take-Two has faced have "prompted the Company to reorganize its business operations; a process which involves downsizing, relocation, and restructuring," identify all current and former officers, employees and directors that -

 (a) formulated such reorganization plans;

 (b) had executive responsibility for overall implementation of such reorganization plans; and

 (c) had executive responsibility for implementation of such reorganization specifically in connection with:

  (i) procurement and/or purchasing;

  (ii) risk management as it concerns consideration of insurance and insurance procurement;

  (iii) business planning;

  (iv) strategic planning; and

  (v) information technology (other than as it concerns specifically Take-Two product technology).

**Response to Interrogatory No. 21**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

**Interrogatory No. 22**

Identify all persons who have personal knowledge of the reasons why, as contended in Take-Two's attorney's June 29, 2007 letter to Judd's attorney, no targets were agreed upon for fiscal years 2006 and 2007.

**Response to Interrogatory No. 22**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

21

**Interrogatory No. 23**

Identify all persons who, with respect to or in connection with Take-Two's electronic document filing, maintenance and storage system(s), have:

      (a)    substantial familiarity;

      (b)    detailed knowledge; and

      (c)    performed services for Take-Two during 2007.

**Response to Interrogatory No. 23**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "substantial familiarity" and "detailed knowledge."

Dated:    New York, New York
          February 20, 2008

                              PROSKAUER ROSE LLP

                              As to Objections:

                              By: _____
                              Kathleen M. McKenna
                              Thomas A. McKinney
                              1585 Broadway
                              New York, New York 10036
                              (212) 969-3000
                              *Attorneys for Defendants*