Exhibit F

PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SAMUEL A. JUDD,

                           Plaintiff,

          -against-

TAKE-TWO INTERACTIVE SOFTWARE,
INC.,

                      Defendant.

------------------------------------------------------------x

ECF CASE
07 Civ 7932 (GEL) (HP)

**DEFENDANT'S RESPONSES
AND  OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION**

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, for its objections to Plaintiff's First Request for Production (the "Requests"), and for its answers to said requests, hereby states as follows:

## GENERAL OBJECTIONS, COMMENTS, AND QUALIFICATIONS

1.      Defendant objects to the Requests, including the "Definitions" and "General Instructions" contained in the Requests, to the extent they seek to impose obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, or any other applicable rule or order.

2.      Defendant objects to the Requests to the extent they seek

information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. To the extent that any privileged information, document or communication is inadvertently disclosed in response to the Requests, the disclosure of any such information, document or communication shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or protection for such information, document or communication, and any such information, document or communication shall be returned to Defendant, or its attorneys, along with any copies made thereof.

3.    Defendant objects to the Requests to the extent that they are overly broad, beyond the scope of permissible discovery, or seek information and/or documents without proper limit as to their subject matter or temporal scope.

4.    Defendant objects to the Requests to the extent that they are not limited to the subject matter of this litigation.

5.    Defendant objects to the Requests as overbroad and unduly burdensome to the extent they seek production of "all" documents relating to a given subject matter.

6.    Defendant objects to the Requests, including the "Definitions" and "General Instructions" contained in the Requests, to the extent they are vague and/or ambiguous.

7.    Defendant objects to the Requests to the extent that they presume the existence of certain facts, or are based on assumptions, neither proven by Plaintiff nor admitted by Defendant. Defendant's willingness to respond to any request, or its

production of documents responsive to any such request, does not constitute in any manner Defendant's admission to any of the assertions set forth or assumed in the request, nor constitute a waiver of Defendant's objections thereto.

8.    Defendant objects to the Requests to the extent they purport to require Defendant to produce information and documents outside its possession, custody or control.

9.    Defendant objects to the Requests to the extent they seek documents created before Judd's employment with Defendants in 2004, or after his termination of employment.

10.    Defendant objects to the Requests to the extent they seek documents created after the commencement of the instant lawsuit.

11.    Defendant objects to the Requests to the extent that the information and/or documents sought are unreasonably cumulative or duplicative, are already within Plaintiff's possession or are obtainable from some other source that is more convenient, less burdensome or less expensive.

12.    Defendant objects to the Requests to the extent they call for the production of (i) confidential or proprietary information concerning individuals or entities who are not parties to the above-captioned action and/or (ii) confidential or proprietary business information, unless and until the parties agree to an appropriate stipulation of confidentiality.

13.    Defendant has endeavored, at this stage of the litigation, to respond to Plaintiff's requests on the basis of the best data available.  The information contained herein and the documents furnished herewith have been compiled based on information

currently known to Defendant. Defendant continues to search for responsive documents and Defendant reserves its right to supplement its document production in the event it discovers further documents responsive to the Requests, and also reserves its right to supplement any response or objection herein.

14.    In providing these objections and responses to the Requests, Defendant does not waive or intend to waive, but, on the contrary, reserves and intends to reserve:

a.    all questions as to competency, relevancy, materiality, hearsay, privilege, and admissibility of the responses or documents produced hereunder or the subject matter thereof;

b.    the right to object on any ground to the use of the responses or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

c.    the right to object on any ground at any time to a demand for further information or document production; and

d.    the right at any time to revise, supplement, correct, or add to this response.

15.    Defendant makes no representations of authenticity with respect to any document or tangible thing produced hereunder.

16.    To the extent that any documents produced in response to any request are responsive to any other request, Defendant will produce the responsive documents once.

17.    These General Objections, Comments, and Qualifications ("General Objections") shall be deemed continuing throughout and incorporated into each and every one of the following specific objections and responses to the Requests,

4

whether or not expressly repeated in response to any particular Definition, General Instruction or Request, unless otherwise noted. The statement of any specific objection in the following responses to the Requests shall in no way waive or prejudice Defendant's assertion of the General Objections.

## REQUESTS FOR DOCUMENTS

### Doc. Request No. 1.

All documents (including, but not limited to, all contracts, correspondence, records and/or logs of oral communications, etc.) that concern any agreements or arrangements made by Take-Two since August 1, 2004 with anyone who is now a former executive employee or former human resources department employee of Take-Two (A) whereby such former employee has promised or covenanted to abide by any of the conduct set forth in (i) through (v) below, or (B) whereby such former employee's entitlement to obtain or retain any past, current or future payments or benefits from Take-Two is conditioned on such employee's abiding by any of the conduct set forth in (i) through (v) below:

    (i)     providing post-employment cooperation with Take-Two;

    (ii)    providing post-employment services to Take-Two;

    (iii)   refraining from disparaging Take-Two or any persons who were at any time associated with Take-Two;

    (iv)   keeping confidential or refraining from disclosing or using information concerning any business affairs of Take-Two; or

    (v)    refraining from communicating with, cooperating with, or assisting anyone concerning any matter.

For the avoidance of doubt, this request extends (without limitation) to all termination, separation or indemnification agreements with its executive and human resources department level employees entered into since August 1, 2004, except to the extent that none of the conduct described in (i) through (v) above is the subject of any promise, term or condition of such agreement.

### Response to Doc. Request No. 1

Defendant objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that it seeks confidential, sensitive, personal, and/or financial

6

information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted therewith.

## Doc. Request No. 2.

For each fiscal year (including any part thereof) during which Take-Two employed Judd, all documents concerning any actual "quantitative and qualitative performance targets" that were stated, designated or proposed (by anyone) as criteria for consideration in connection with prospective bonus compensation to Judd, if any, that were in fact mutually agreed upon by Judd and Take-Two. For the avoidance of doubt, this request extends (without limitation) to all documents that concern any mutual agreements by Judd and Take-Two with respect to "quantitative and qualitative performance targets" for each and any fiscal year.

## Response to Doc. Request No. 2

Defendant objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, and consistent with procedures compliant with the Federal Rules of Civil Procedure, Defendant proposes the following procedure for the identification of electronic documents in this proceeding:

i.    In addition to searching hard copies, Defendant will search the hard drives of individuals who may have knowledge bearing on the Plaintiff's asserted claims,

7

including, but not limited to the hard drive of Samuel Judd, using the following defined search terms:

> Judd
> bonus!
> compensation
> performance
> quantitative
> qualitative
> target!
> evaluat!
> organization! chart!

    ii.    If Defendant determines that the preliminary search terms require revision to avoid over or under inclusion of documents, they will inform Plaintiff of the revised search terms;

    iii.    Defendant will review the results of the searches and will produce responsive, non-privileged documents.

## Doc. Request No. 3.

For each fiscal year (including any part thereof) during which Take-Two employed Judd, all documents concerning any proposals, plans or suggestions made (whether by Take-Two or Judd or any third party, and regardless of whether ever communicated to Judd) concerning any "qualitative and quantitative performance targets" that were stated, designated or proposed (by anyone) as criteria for consideration in connection with prospective bonus compensation to Judd that (for whatever reason) did not come to be mutually agreed upon by Judd and Take-Two.

## Response to Doc. Request No. 3

Defendant objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant states it will produce documents, if any, responsive to this request. See also Defendant's Response to Doc. Request No. 2.

## Doc. Request No. 4.

If for any fiscal year(s), Judd and Take-Two did not mutually agree on "quantitative and qualitative performance targets", all documents that concern the reason(s) for the absence of such mutual agreement. For the avoidance of doubt, this request extends (without limitation) to documents concerning why (if at all) any efforts to, or processes for, obtaining mutual agreements failed to occur or were abandoned or aborted, regardless of at whose initiation, initiative or failure to act.

## Response to Doc. Request No. 4

Defendant objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant is not aware of any responsive documents.

## Doc. Request No. 5.

All documents that concern, and/or were considered by Take-Two in connection with (a) Take-Two's alleged determination when made that Judd was not entitled to a bonus in or for 2005 and 2006, and (b) any (if any) determination that Take-Two made concerning Judd's entitlement to a bonus in or for 2007. For the avoidance of doubt, to the extent that (if at all) such determination(s) concerning Judd's non-entitlement to a bonus was (or were) made based (in whole or in part) on his being a part of a group or class of employees who were determined not to be entitled to a bonus or based on one or more general decisions having broad application, this request extends to documents that concern and/or were considered in connection with those determination(s) and decision(s).

**Response to Doc. Request No. 5**

Defendant objects to Request No. 5 on the grounds that it is vague with respect to the terms "group," "class," "general decisions having broad application," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order. Defendant also refers Plaintiff to its Responses to Doc. Request Nos. 2 and 3.

**Doc. Request No. 6.**

All written employment compensation agreements with, "hiring letters" to, and memoranda advising of compensation terms provided to, any persons who were executive level employees of Take-Two during all or any part of Take-Two's 2002-2007 fiscal years. For the avoidance of doubt, this Request extends (without limitation) to responsive documents regardless of when such agreements were originally entered into or when the documents were prepared.

**Response to Doc. Request No. 6**

Defendant objects to Request No. 6 on the grounds that it is vague with respect to the term "executive level employees," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent it seeks documents created before Judd's employment with

Defendant in 2004 or after Judd's termination of employment. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order.

### Doc. Request No. 7.

All documents that concern any communications between (a) any and all persons who were executive employees of Take-Two for any part of fiscal years 2004, 2005, 2006 or 2007 (regardless of whether such persons remain so employed) or any persons acting on their behalf (including legal counsel), and (b) Take-Two or anyone acting on its behalf (including legal counsel) concerning (y) whether or to what extent any or all such executive employee(s) claimed or asserted that he, she or they was, were or are entitled to, or deserving of, bonus compensation with respect to fiscal years 2004, 2005, 2006 and/or 2007, and (z) the resolution of disputes of [sic] disagreements concerning whether or to what extent any or all such employees were or are entitled to, or deserving of, a bonus for any of those fiscal years.

### Response to Doc. Request No. 7

Defendant objects to Request No. 7 on the grounds that it is vague with respect to the terms "resolution," "disputes," and "disagreements" and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant

11

further objects to this Request to the extent it seeks information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith.

**Doc. Request No. 8.**

All documents that concern Take-Two's past or current perception of the practical and legal significance or effect of (a) the fact of any "target bonus" (or similar designation) being established for any Take-Two employee at any time from fiscal year 2000 through the present, and/or (b) the amount of any such target bonus.

**Response to Doc. Request No. 8**

Defendant objects to Request No. 8 on the grounds that it is vague with respect to the terms "current perception," "practical and legal significance," "effect," "target bonus," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information protected by attorney-client privilege or the attorney work-product doctrine.

## Doc. Request No. 9.

All documents that concern Take-Two's bonus policies and practices with respect to executive level employees for the period of fiscal years 2003-2007, including, without limitation, by way of examples:

- All agendas, notices, minutes, summaries, logs, contemporaneous handwritten notes, memos, emails, etc., concerning the facts and/or content of all meetings of the Take-Two Compensation Committee and Board (with respect to meetings in which any employee compensation issues were discussed or considered) from the period of January 1, 2003 until the present;

- All reports and written materials reviewed by or submitted to the Compensation Committee and/or Board in connection with any discussion of, or consideration given to, bonus compensation or other payments or benefit grants that were considered or awarded because (in whole or in part) of a non-payment or low payment of a cash bonus;

- All documents concerning any follow-up communications or actions to any compensation committee or Board consideration or discussion of any bonus compensation issues;

- All documents constituting a statement or summary of Take-Two's bonus plan(s) and /or policies from January 1, 2003 until the present;

- Documents reflecting the fact and/or amount of all compensation other than salary that was paid or awarded (including in the form of stock options, restricted stock, etc.);

- All documents that concern any distinction (if any) in Take-Two's bonus policy and practice between executives who were parties to (a) written contracts that recited that they were "entitled to receive" a cash bonus, and (b) written contracts that recited that they were "eligible" to receive a cash bonus, (c) written contracts that otherwise referenced bonus compensation; and (d) no such contracts;

- All documents that concern suggestions or recommendations (whether made internally or by third parties) or written or oral communications regarding to what extent (if at all) bonuses should be awarded or paid to (a) Take-Two executives generally, and (b) particular executives, specifically. This example includes (without limitation) documents reflecting general and specific criteria considered or employed and all calculations that were made;

- All documents that concern any suggested, considered or actual preliminary or final calculations made in connection with all bonuses that were awarded and/or paid;

13

- All minutes, summaries, logs, handwritten notes, emails and other documents that concern the fact or content of all meetings of Take-Two senior executives, human resources department personnel, or any grouping of its directors and/or officers, concerning payments of bonuses;

- All documents that concern or describe how Take-Two's bonus policies, plans or practices were designed to be implemented and were in fact implemented, including all internal correspondence, correspondence with any external compensation advisers (if any) and documents that concern the fact or content of oral communications regarding such designs and related documents;

- All documents that concern any communication regarding any suggestion, recommendation, or proposal that Take-Two modify, eliminate, amend or suspend any of its bonus policies or practices, and any documents that concern communications regarding the implementation of any modification, elimination, amendment or suspension of any of its bonus policies or practices; and

- All documents that address the manner in which the stated "target bonus" for each employee (who has or had a "target bonus" assigned to him or her, by contract or otherwise) is given meaning (if at all) in Take-Two's making bonus determinations and calculations for each such employee, and how target bonuses are used and/or incorporated in bonus determinations and calculations generally.

**<u>Response to Doc. Request No. 9</u>**

Defendant objects to Request No. 9 on the grounds that it is vague with respect to the terms "executive level employee," "any follow-up communications or actions," and "target bonus," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent it seeks documents created before Judd's employment with Defendant in 2004 or after Judd's termination of employment. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information pertaining to

14

Defendant and individuals, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith.

**Doc. Request No. 10.**

All documents concerning Judd's ever having made any inquiry, comment or complaint concerning his past or then-anticipated bonus compensation.

**Response to Doc. Request No. 10**

Defendant objects to Request No. 10 on the ground that it is vague with respect to the terms "comment" and "complaint."

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant will produce documents, if any, responsive to this Request.

**Doc. Request No. 11.**

All documents concerning any communications from fiscal year 2000 to present from Take-Two to its executive employees, or any of them, concerning bonus any past or then-anticipated bonus compensation.

**Response to Doc. Request No. 11**

Defendant objects to Request No. 11 on the grounds that it is vague with respect to the terms "communications" and "executive employees," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant further objects to this Request to the extent it seeks documents created before Judd's employment with Defendant and to the extent that it is duplicative of Request No. 9.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith. See also Response to Request No. 6.

**Doc. Request No. 12.**

All documents that concern Take-Two's evaluations, assessments and/or appraisals of Judd's work performance (collectively "Perceptions"), including (without limitation) all documents that at any time informed such Perceptions, and all documents that reflect the fact or content of written or oral communications discussing or setting forth such Perceptions.

**Response to Doc. Request No. 12**

Defendant objects to Request No. 12 on the grounds that it is vague with respect to the terms "evaluations," "assessments, " "appraisals," "Perceptions," and "informed," and further objects that is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant produces responsive documents herewith.

16

**Doc. Request No. 13.**

All (a) organization charts, drafts of suggested organizational charts and memoranda that concern actual or prospective organizational structure for Take-Two, and/or for any section, department, or division of Take-Two, for the period of November 2003 through the present, and (b) all documents (including cover letter and emails) that contain references to or comments regarding any such charts or memoranda.

**Response to Doc. Request No. 13**

Defendant objects to Request No. 13 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent the Request seeks documents created before Judd's employment with Defendant.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant will produce responsive documents.

**Doc. Request No. 14.**

All documents that contain any information concerning the fact or content of any oral or written communications between Ben Feder and Judd.

**Response to Doc. Request No. 14**

Defendant objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant will produce documents, if any, responsive to this Request.

**Doc. Request No. 15.**

All documents that contain any information concerning the fact or content of any communications to, from or among any agents, employees, directors and/or officers of Take-Two and/or of Zelnick Media, and/or to from as among former employees of Take-Two, which communications occurred during the period from February 1, 2007, through the present, to the extent such communications concerned the historical, then-current, anticipated, planned and/or prospective roles of Judd in Take-Two (including for any period after July 30, 2007) as they regard Judd's areas of responsibility, level of authority, formal and informal reporting relationships, duties, and position within Take-Two.

**Response to Doc. Request No. 15**

Defendant objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant will produce documents, if any, responsive to this Request.

**Doc. Request No. 16.**

All documents that contain information concerning Judd's role (in terms of duties, reporting relationship, position, responsibilities or authority) in Take-Two in May and June of 2007 with regard to:

    (a)      business planning;

    (b)      strategic planning;

    (c)      procurement;

    (d)      information technology; and

    (e)      insurance and/or risk management.

## Response to Doc. Request No. 16

Defendant objects to Request No. 16 on the ground that it seeks confidential, proprietary, and/or sensitive financial and business information.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith.

## Doc. Request No. 17.

All documents that concern Take-Two's communications, whether internally or with outside persons, that arose from its receipt of the Good Reason Notice Letter or were in reaction to or otherwise concerned that letter (including documents reflecting the internal transmittals of the Good Reason Notice Letter or copies thereof).

## Response to Doc. Request No. 17

Defendant objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant further objects to the Requests to the extent they seek information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

19

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant will produce documents, if any, responsive to this Request.

### Doc. Request No. 18.

All documents that concern the conduct (including, without limitation, investigative conduct, if any) engaged in by Take-Two in connection with the Good Reason Notice Letter and/or its receipt thereof.

### Response to Doc. Request No. 18

Defendant objects to Request No. 18 on the grounds that it is vague with respect to the term "investigative conduct," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant further objects to the Requests to the extent they seek information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant refers Plaintiff to its Response to Request No. 17.

### Doc. Request No. 19.

With respect to each and every one of the Take-Two-Designated Knowledgeable Persons who is neither a current executive level employee, a Take-Two director, nor Judd, all documents that concern (a) whether each such person has retained Proskauer

20

Rose LLP as his or her attorney, (b) the manner in which that attorney-client relationship came about (e.g., whether by initiation of the client, suggestion or solicitation of Proskauer Rose LLP or otherwise); (c) the terms of the retainer (including, e.g., whether Take-Two is bearing the expense of the legal fees in connection with such relationship; and (d) the point in time when the attorney client relationship had its inception to the knowledge of such person. For the avoidance of doubt, this request extends (without limitation) to responsive engagement letters and retainer agreements, pre-retainer emails with the persons at issue (including with Take-Two's counsel), and post-retainer correspondence that is responsive hereto, and any written consents by such Persons to Take-Two's payment of their legal fees.

## Response to Doc. Request No. 19

Defendant objects to Request No. 19 on the grounds that it is vague with respect to the term "executive level employee," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant further objects to this Request to the extent it seeks information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant states that there are no documents responsive to this request.


## Doc. Request No. 20.

All organization charts and drafts of organizational charts for Take-Two, and/or any division thereof, that were at any time since January 1, 2004 in effect or proposed, together with all documents that concern the effective dates or dates proposed for the effectiveness of such charts.

**Response to Doc. Request No. 20**

Defendant objects to Request No. 20 on the grounds that it is vague with respect to the term "draft," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant refers Plaintiff to its Response to Request No. 13.

**Doc. Request No. 21.**

To the extent not to be produced by Take-Two in response to Request No. 15 above, all notices, agendas, summaries, transcripts, minutes, logs, and correspondence concerning any meetings which included, or as to which there were plans to include, any discussion of any proposed or actual changes in the roles, authorities and responsibilities of Take-Two executive personnel from February 1, 2007 through the present. For the avoidance of doubt this request extends (without limitation) to responsive documents regardless of whether the changes and/or proposed changes related to proposed or actual restructuring, reorganizing, or addressing the particular perceived suitabilities of certain executives for certain roles and/or areas of responsibility. This request extends to any meetings of Take-Two's Board and the committees of the Board as well as to meetings of Take-Two officers, executives and/or human resources department personnel.

**Response to Doc. Request No. 21**

Defendant objects to Request No. 21 on the grounds that it is vague with respect to the terms "agendas," "summaries," "plans to include," "executive personnel," "restructuring," "reorganizing," and "perceived suitabilities," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to the extent the request seeks documents created after Judd's termination from employment with Defendant.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith. Defendant also refers Plaintiff to its Response to Request Nos. 13, 15 and 20.

### Doc. Request No. 22.

All documents for the period from January 1, 2004, to until the present, concerning the position(s) and/or person(s) having executive level responsibility in each of the following areas of Take-Two's business, and any changes thereto:

(a)    Information technology (other than as the term concerns solely software that Take-Two develops and sells as products in the market);

(b)    Procurement or purchasing;

(c)    Insurance;

(d)    Strategic planning;

(e)    Risk management; and

(f)    Business planning.

For the avoidance of doubt, this request extends (without limitation) to memoranda, correspondence, emails, etc. to persons and/or files that reflect such changes even if the documents do not characterize the changes as such. By way of example, an email that assigns responsibility that someone did not previously have will be responsive to this request even if the email does not explicitly refer to or describe the assignment as a change.

### Response to Doc. Request No. 22

Defendant objects to Request No. 22 on the grounds that it is vague with respect to the terms "to persons and/or files that reflect such changes," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks

23

documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Additionally, Defendant objects to the extent it seeks documents created after Plaintiff's termination of employment.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order submitted herewith.

## Doc. Request No. 23.

The job descriptions and other documents, including, without limitation, e.g., hiring letters, employment contracts, post-employment reference letters, business cards showing titles and/or departments, performance appraisals, and similar documents that concern the job responsibilities, authorities, positions, and status in connection with their employment by Take-Two, of each and every one of the "Take-Two-Designated Knowledgeable Persons," and of David Messenger, Todd Emmel, Robert Flug, Barbara Kaczynski, Steve Tisch, Oliver Grace, Jr., Mark Sanders Lewis, Grover Brown, John Levy, Michael Malone and Ken Selterman for the period of 2004 until the present.

## Response to Doc. Request No. 23

Defendant objects to Request No. 23 on the grounds that it is vague with respect to the terms "other documents," "performance appraisals," and "status," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible

evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant also objects to the extent the requests seek documents created after Plaintiff's termination of employment.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order.

**Doc. Request No. 24.**

Where substantially complete information concerning the job responsibilities, authorities, positions and status of any of the individuals with respect to whom documents are sought in Request No. 23 is not contained in documents sought and/or produced with respect to any such individual, but it is reflected in other existing documents (such as memoranda and emails assigning responsibility, employee work product, etc.), all documents that concern each of such persons, job responsibilities, authorities, positions and status in connection with their employment (if any) by Take-Two.

**Response to Doc. Request No. 24**

Defendant objects to Request No. 24 on the grounds that it is vague with respect to the term "substantially complete information," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

25

**Doc. Request No. 25.**

All documents concerning any communications since May 30, 2007 between Take-Two or any of persons acting on its behalf, and any former employee of Take-Two or any representative of such former employee, concerning such former employee's post-employment duties to Take-Two or concerning such employee's interests or possible interests in connection with its continuing relationship with Take-Two.

**Response to Doc. Request No. 25**

Defendant objects to Request No. 25 on the grounds that it is vague with respect to the terms "post-employment duties to Take-Two," "possible interests," and "continuing relationship," and further objects that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action. Defendant further objects to this Request to the extent it seeks information protected by attorney-client privilege or the attorney work-product doctrine.

**Doc. Request No. 26.**

To the extent that any executive employee was, by reason of a policy, plan or contract, eligible for or entitled to bonus compensation (whether or not discretionary) that was tied (in whole or in part) to stated quantitative and/or qualitative performance targets, all documents that concern each every of such employee's performance target for that period.

**Response to Doc. Request No. 26**

Defendant objects to Request No. 26 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or

information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive, personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant refers Plaintiff to its Responses to Request Nos. 1, 2, 3.


### Doc. Request No. 27.

All documents that concern Take-Two's contention, as set forth in its attorney's June 29, 2007 letter to Judd's attorney, that economic and business challenges that Take-Two has faced over the past few years have "prompted the Company to recognize [sic] its business operations; a process which involves down-sizing, relocation, and restructuring." For the avoidance of doubt, this request seeks all documents concerning planning for and implementation of such reorganization.

### Response to Doc. Request No. 27

Defendant objects to Request No. 27 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

**Doc. Request No. 28.**

All documents that concern the fact, and the reasons for why, no targets were agreed upon for fiscal years 2006 and 2007, as contended by Take-Two in its attorney's June 29, 2007 letter to Judd's attorney.

**Response to Doc. Request No. 28**

Defendant objects to Request No. 28 on the grounds that it assumes facts not in evidence and that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence. Defendant also objects to this request as duplicative of Request Nos. 2, 3 and 4.

**Doc. Request No. 29.**

All documents concerning Take-Two's document retention policies and practices with the respect to the period of July 2004 through the present.

**Response to Doc. Request No. 29**

Defendant objects to Request No. 29 on the grounds that it is vague with respect to the terms "retention policies" and "practices," and further object that it is irrelevant, overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks confidential, sensitive,

personal, and/or financial information, the disclosure of which would invade the privacy rights of current and former employees who are not parties to this action.

Notwithstanding these objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request, if any, subject to an appropriate Confidentiality Stipulation and Order.

### Doc Request No. 30

To the extent not produced pursuant to the above requests, all documents referred to in Take-Two's Initial Disclosures refer to Disclosure Request 26(a)(1)(B).

### Response to Doc. Request No. 30

Defendant objects to Request No. 30 on the grounds that it is overbroad, unduly burdensome, not probative of Plaintiff's claims herein, and seeks documents and/or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and to the extent not objected to therein, Defendant refers Plaintiff to its Responses to Request Nos. 12 and 13.

Dated: New York, New York
       February 20, 2008

PROSKAUER ROSE LLP

By: _____
      Kathleen M. McKenna
      Thomas A. McKinney
      1585 Broadway
      New York, New York 10036
      (212) 939-3000
      *Attorneys for Defendant*