Exhibit G

# KUDMAN TRACHTEN ALOE LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4400
NEW YORK, NY 10118
(212) 868-1010

TELECOPIER (212) 868-0013
www.kudmanlaw.com

PAUL H. ALOE†
STUART R. KUDMAN*
GARY TRACHTEN††

MICHELLE S. BABBITT*

THOMAS M. FURTH**

MATTHEW H. COHEN*
WILLIAM E. HAMMOND**
JOHN S. LEGO***
ALISA L. SILVERSTEIN*

March 31, 2008

*ADMITTED IN NY & NJ
**ADMITTED IN NY ONLY
***ADMITTED IN NY & CA
†ADMITTED IN NY, NJ & PA
††ADMITTED IN NY, NJ, CT & GA

**Via Fax: 212-969-2900**
**Email and Regular Mail**

Kathleen M. McKenna, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

    Re:    **Samuel A. Judd v. Take-Two Interactive Software, Inc.**
            **07 Civ. 7932 (GEL)**
            **Our File No. 2923.01**

Dear Kathleen:

    I am anticipating, as you have indicated, that the defendant will soon "re-shift and re-prioritize its focus, and give this matter the attention it unquestionably deserves." From perusing Take-Two's discovery responses thus far, it is apparent to us that we may have considerably different views concerning not only what is subject to production, but also concerning the nature and kind of responses, answers and objections that satisfy or fall short of the governing rules. We want to alert the defendant to issues of potential conflict so that we can perhaps avoid or reduce such conflict.[1]

### General and/or Superfluous Objections

    We regard as improper the listing of a laundry list of "general objections" in a Rule 34 response that purports to make the responses to individual requests subject to all such general objections.

---

[1] While the Federal Rules of Civil Procedure and the relevant case law ought suffice to alert the defendant to the issues addressed in their letter, it appears that it has not been so far.

**KUDMAN TRACHTEN ALOE LLP**
Kathleen McKenna
March 31, 2008
Page 2

In accordance with its specific text, Rule 34(b)(2)(B) and (c) requires responses that, with respect to *each* category of documents sought, state either that (a) the production will be made (without reservation), or (b) the production will not be made, or will only partially be made, because of one or more *specific* objections, the reasons for which being stated. Unless documents responsive to a request are being withheld or the defendant contends that it is somehow excused from making a diligent search for them, then there is no reason for the defendant to make or "reserve" an objection to a request. (We stipulate that production does not waive evidentiary objections.) Only applicable, operative and explained objections have any proper place in response to a document request.

Responses that state (as so many of the defendant's responses thus far) that "notwithstanding [the stated] objections, subject to the general objections, and without prejudice to Defendant's position, Defendant will produce documents responsive to this request" do not comply with Rule 34. Does such a response mean that *all* responsive documents will be produced? If so, what purpose does the objection serve? Objections are not reservation devices; they are mechanisms for joining the issue of the extent to which certain discovery demands must be complied with. If what the defendant will produce is less than *all* responsive documents, we are entitled to a response that does not obfuscate the limited scope of the production. There is a meaningful distinction between producing responsive documents "subject to" objection, on one hand, and producing *all* responsive documents *despite* objection, on the other.

In *Obiajuluv v. Rochester,* 166 F.R.D. 293, 295 (W.D.N.Y. 1996), the court noted that it found itself "compelled to comment generally on the type of objections" before it – "objections that invariably recite virtually the same verbiage to each document request", repeating the same "familiar boilerplate" with respect to each and every request. The court stated:

> Such pat, generic, non-specific objections, or words intoning the same boilerplate language, are inconsistent with the letter and spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. [citation omitted] The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper… A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead the party resisting discovery must show specifically each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

Another case that discuss the proper function of discovery objections and disapproves of "a (laundry list) of objections that were merely conclusory and invalid" is *Elkay Manufacturing*

KUDMAN TRACHTEN ALOE LLP
Kathleen McKenna
March 31, 2008
Page 3

*Co. v. Ebco Manufacturing Co.,* 1995 WL 389822*7 (N.D.Ill.)  More recently, the court in *Baltimore Life Insurance Co.,* 235 F.R.D. 617, 624 (N.D.Va. 2006), stated the rule succinctly:

> [G]eneral objections to interrogatories and requests for production of documents are prohibited.

See also, *Fisher, id.,* at 622-23; *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D. Pa. 1996).

    As applicable cases have noted, Rule 33(b)(1) is with respect to the requirement of specificity in objections to interrogatories no less (and perhaps more) stringent that the requirement in responding to document requests.  Under Rule 33(b)(4) any objection to an interrogatory not stated timely and with specificity is waived (unless the court for good cause excuses the failure), and to the extent not objected to with specificity, Rule 33(b)(1) requires that interrogatories be answered *under oath.*  We note that the few interrogatory answers that defendant has thus far served are not shown to have been made under oath.

    In view of the above, we ask that Take-Two not merely supplement it discovery responses but that it (a) withdraw and eliminate the "General Objections Comments and Qualifications" and all other superfluous objections; (b) clarify the extent to which a production in response to each request was or will be, by reason of objection(s), less than full and complete; (c) specifically explain why each objection is properly applicable to the particular request; and (d) verify interrogatory answers.  This request is make without prejudice to the plaintiff's contention that by reason of the fact that no objections were made within the time (as extended by stipulation) when discovery was due, all objections were waived.  *Techsearch Services v. German,* 1999 WL 33024*2 (S.D.N.Y.) (applying the waiver rule to document requests); *Knowsen v. City of Quincy,* 120 F.R.D. 6 (D. Mass. 1988); *Ciffstar Corporation v. Sunsweet Growers, Inc.,* 218 F.R.D. 65, 69 (W.D.N.Y. 2003); *Carr v. The Queens Long Medical Group P.C.,* 2003 WL 169793*5 (S.D.N.Y.).  Regarding such waiver, we think that the defendant's willingness to withdraw general and superfluous objections should and will inform the resolution of the issue of whether there is good cause to excuse the defendant from its complete waiver of objections.

### Rule 408 of the Federal Rules of Evidence

    We have noticed that in responding to discovery demands, the defendant has in some cases objected to providing documents and information allegedly utilized during settlement negotiations, relying on Rule 408 of the Federal Rules of Evidence.  We submit that a Rule 408 objection to discovery is inherently ill-conceived and insufficient.

**KUDMAN TRACHTEN ALOE LLP**
Kathleen McKenna
March 31, 2008
Page 4

First, Rule 408 (part of Article IV) is an exclusory rule of evidentiary legal relevancy. It creates neither a privilege (the subject of Article V) nor a rule of discoverability. Just as hearsay may be inadmissible at trial but nonetheless be discoverable under Fed.R.Civ.P. 26 standards, the same is true for evidence that is inadmissible at trial under Rule 408, but meets Rule 26 discoverability standards. *E.g. City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300 (D. Kan. 2000); *Manufacturing Sys., Inc. of Milwaukee v. Computer Tech.*, 99 F.R.D. 335 (E.D. Wis. 1983).

Second, even as a rule of evidence, Rule 408 does not render inadmissible any document or information merely because it was "utilized during settlement negotiations". Rather, the exclusory rule is limited to evidence of (a) offers or acceptances of consideration in efforts to compromise a claim in dispute, and (b) conduct or statements made in compromise negotiations. As it expressly states, the Rule "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations."

We therefore request (here again, without prejudice to any contention that the defendant has waived all objections) that the defendant withdraw all discovery objections to the extent based on Fed.R.Evid.R. 408, and that it refrain from making future objections on the basis of that Rule.

**Confidentiality Stipulation and Order**

Finally, I still await your signature on the form of stipulation and order of confidentiality that we proposed more than ten (10) days ago. If it is not acceptable, the defendant has the choice of moving for a protective order, and bearing the significant burden of showing the existence of good cause, perhaps item by item. Regardless of whether the defendant will agree to the stipulation or move for a protective order, please do not delay.

**Please Respond Promptly**

We do not yet know what will be the Court's response to our March 27, 2008 letter. We submit that if the Court will convene a discovery conference, it would be sensible and appropriate for both parties to know before then where the defendant stands on the issues raised in this letter. Such knowledge will make any differences ripe for argument and discussion at the conference. If the Court does not schedule a conference, this letter is anyway intended to serve to advance counsels' conferring on discovery concerns in an effort to eliminate or narrow discovery issues that may need judicial resolution. Therefore, we ask that you give the points in

```
```

## KUDMAN TRACHTEN ALOE LLP

Kathleen McKenna
March 31, 2008
Page 5

this letter prompt and fair attention, and that you let me know in short order the extent to which the defendant, if at all, will voluntarily comply with the requests made in this letter.[2]

Very truly yours,

Gary Trachten

GT:lw
cc:   (via email only)
      Ian Schaefer
      Thomas McKinney

---

[2] This letter should not be regarded as an exclusive statement of all deficiencies in the discovery thus far provided by the defendant. The plaintiff does not by this letter waive any rights to insist on the defendant's complete compliance with all of its discovery obligations.