Exhibit J

# KUDMAN TRACHTEN ALOE LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4400
NEW YORK, NY 10118
(212) 868-1010

TELECOPIER (212) 868-0013
www.kudmanlaw.com

PAUL H. ALOE†
STUART R. KUDMAN*
GARY TRACHTEN††

MICHELLE S. BABBITT*

THOMAS M. FURTH**

MATTHEW H. COHEN*
WILLIAM E. HAMMOND**
JOHN S. LEGO***
ALISA L. SILVERSTEIN*

*ADMITTED IN NY & NJ
**ADMITTED IN NY ONLY
***ADMITTED IN NY & CA
†ADMITTED IN NY, NJ & PA
††ADMITTED IN NY, NJ, CT & GA

April 11, 2008

**Via Fax (212) 969-3000,
Email and Regular Mail**

Ian C. Schaefer, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Re:  Samuel A. Judd v. Take-Two Interactive Software, Inc.
     07 Civ. 7932 (GEL)
     Our File No. 2923.01

Dear Ian:

I trust that the defendant continues diligently to gather requested documents and to prepare supplementation of its responses and interrogatory answers. In the meantime, I want to raise certain concerns that I have arising from the discovery thus far provided.

A.  **Identification Numbers (Bates Stamps)**

So that there is no misunderstanding on the point, please confirm that the defendant has produced documents stamped as D000001 - D0000242 and D001051 - D002187, but no documents identified by numbers between D000242 and D001051.

B.  **Redactions**

Although redactions are shown to have been unilaterally made to many of the responsive documents that were produced, those redactions are not accompanied by any explanation for the redaction. In some cases, it seems to me that documents have been redacted without there being any express indication of that fact. In general terms, most of the redactions appear to be based on a contention either that the redacted information is confidential or a contention that it is privileged.

# KUDMAN TRACHTEN ALOE LLP

Ian Schaefer, Esq.
April 11, 2008
Page 2

### 1. Confidentiality-Based Redactions

After it having taken more than a month to negotiate an agreement on terms of the Confidentiality Stipulation and Order of Confidentiality so that documents, (despite containing information that a party might regard as confidential), would be *produced* subject to agreed-upon protection, I was very surprised to find non-privileged information unilaterally redacted from documents produced. One of the reasons that we agreed to the stipulation of confidentiality was to enable us to scrutinize confidentiality claims rather than either completely deferring to you or requiring in the first instance proof of the sensitivity of the information. Also, perhaps most significantly, paragraph 15 of the Stipulation and Order of Confidentiality contemplates that where a party deems its protections insufficient, the party retains the right "to apply to the Court at any time for additional protection" – not to unilaterally provide itself with additional protection.

That said, we certainly want to be practical. Thus, for example, we really do not now care (nor do we expect ever to care) about the redaction of employee social security numbers. Moreover, we appreciate the possibility that there can be certain information that is so highly sensitive that Take-Two would want greater protection than the stipulation affords. Therefore, other than with respect to social security numbers, privileged information, and the document noted in the next following paragraph, we propose as follows: Rather than to insist that you make application to the Court for additional protection, we ask that you send on an "attorney-eyes" basis non-redacted versions of the redacted pages produced (and still to be produced). Subject to the following conditions, we will promise not to reveal such materials even to our client without our obtaining Court approval. Those conditions are that the defendant agrees (1) in the event of our seeking such approval, the burden of proof that the material warrants such protection will be on the defendant, and (2) that the designation of "for attorney eyes only" constitutes a Fed.R.Civ.R. 26(g) certification that the defendant claims that there is "good cause" for the protection sought.

Another matter that is troubling is that even if, *arguendo* unilateral redaction would be proper, it appears that the defendant has not been careful about being sure to indicate where redactions were made. Case in point: D1500 and D1503 appear to be redacted (showing only half of page 2 and none of page 3 of a 3-page contract). We demand that the full contract be produced without redaction, subject to the Stipulation and Order of Confidentiality. We also ask that you review the production for undisclosed redactions and bring them to our attention.

### 2. Purported Privilege-Based Redactions

Some redactions appear to avoid disclosure of recitals or summaries of statements made by a Take-Two attorney to the company's board members and/or officers. These redactions were made without the defendant's compliance with L.R. 26.2 concerning assertions of privilege

**KUDMAN TRACHTEN ALOE LLP**
Ian Schaefer, Esq.
April 11, 2008
Page 3

and work product. Moreover, statements from an attorney to a client are not *ipso facto* privileged; indeed, applicable case law reflects that they are less likely to be regarded as privileged than are statements from a client to an attorney. Legal advice and statements by the attorney that tend to even indirectly reveal (even indirectly) client confidences may be privileged. However, a mere report by an attorney of facts that he learned (for example, that an employee's attorney had sent him a letter asserting that the employee had unlawfully been deprived of his contractual bonus) would not be privileged unless the attorney's report also contained reference to client communications to the attorney, or legal analysis, opinion, or advice about the meaning or significance of those facts. The defendant's compliance with L.R. 26.2 would facilitate both our having some insight into whether the privilege was properly claimed and whether we even care, in particular cases, to resolve the issue. Please promptly comply with the Rule.

C.   **Wholesale Designation**

We have noticed that, post-stipulation, the defendant appears to have designated every single page of all the produced documents – even the outside covers of personnel files having no information but a name – as "Confidential". This wholesale designation violates the spirit if not the letter of the stipulation. (Is someone's mere name or change in title protectable "personal information"?). We note that the defendant has designated as "confidential" documents that are summarized (if not set out in full) in SEC filings made by the defendant that are thus public records, available on-line. These confidentiality designations strike me as frivolous, or close to frivolous. Just as we don't intend to be wholesale in our exercise of our rights under paragraph 7 of the stipulation, we hope that you will be circumspect in your exercise of your designation rights paragraph 1. Please be more circumspect in your designations or your failure to do so may become counter productive to your purpose.

D.   **Should We Confer?**

As to the concerns raised in this letter, I an amenable to resolving differences in ways that are fair and perhaps differently than as I have proposed, but not at the cost of prejudicing my client's cause. So, please, if you would like to propose to my consideration another viewpoint or alternative for moving forward, I invite you to pick up the phone and discuss this letter with me. I write this letter not to avoid calling in the first instance, but to afford the opportunity for you to consider our areas of concern and be prepared to respond to them.

# KUDMAN TRACHTEN ALOE LLP

Ian Schaefer, Esq.
April 11, 2008
Page 4

E.  **Outstanding Discovery**

I also request that you advise us about when we can expect the amended responses and completed document production. We need fairly complete "paper discovery" in order to make some decisions about the depositions phase of this case.

Very truly yours,

Gary Trachten

GT:lw
cc:  Via email
     Alisa Silverstein
     Kathleen McKenna
     Thomas McKinney