```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMUEL A. JUDD,
                                                             07 Civ 7932 (GEL) (HP)
                        Plaintiff,
                                                             DECLARATION OF
        -against-                                            KATHLEEN M. McKENNA

TAKE-TWO INTERACTIVE SOFTWARE, INC.,
                        Defendant.

------------------------------------------------------------x
```

I, Kathleen M. McKenna, declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a member of the law firm of Proskauer Rose LLP, and counsel for Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), in the above-captioned matter. I submit this Declaration in opposition to Plaintiff's Motion to Compel and For Sanctions. The matters set forth below are based on my personal knowledge.

<u>REQUEST FOR LEAVE TO FILE</u>

2. On May 13, 2008, I received a facsimile from Plaintiff's counsel that included a copy of a letter sent to Hon. Gerard E. Lynch. The letter stated that Plaintiff filed via ECF a Motion to Compel Discovery seeking the production of documents and sanctions on May 2, and then refiled (again via ECF) on May 5, and that Defendant had failed to respond to the motion.

3. Neither I nor anyone at my firm received a copy of any such motion — by ECF or otherwise.

4. I am registered for ECF, but did not receive any notice that a motion was filed.

5. Although during the course of this case, employees of my firm have periodically reviewed the docket for entries, I did not realize that I was not receiving documents electronically because I had received the documents associated with every docket entry, although I now realize these were received through other means.

6. For example, I understand that we received Your Honor's Order of April 3, 2008, by e-mail from Plaintiff's counsel thus, did not realize that we did not receive it via ECF notification from the Court. As I was not expecting any action during discovery, especially without any notice, we had no reason to recently check ECF.

7. Upon receipt of Plaintiff's counsel's facsimile, my associate contacted Plaintiff's counsel. By voicemail, he advised Mr. Trachten that we had not received the motion and would be applying to the Court for four days to respond. We received a reply by e-mail (a copy of which is attached). See Ex. A. It does not address our application for time to respond to the motion.

8. Because I did not know of this motion until May 13, 2008, by letter of the same date, I respectfully requested of the Court that Defendant be afforded the four days provided by Local Rule 6.1 (*i.e.*, until Friday, May 16, 2008) to respond to Plaintiff's motion. See Ex. B.

9. Defendant would be prejudiced if it cannot respond to this motion seeking, among other things, sanctions.

10. Although I e-filed the answer in this case and my e-mail is listed on the docket, for some reason not noticed by us or Plaintiff's counsel, I was not listed as "Lead Counsel to Be Noticed" and, thus, did not receive any ECF notices. As evidenced by the attached ECF receipt, ECF receipts list those counsel that receive electronic notice of a filing and those which do not. See

Ex. C. It would appear that Plaintiff should have known when he filed his motion that I had not received it. Although not compelled by the rules, I would have thought that as a professional courtesy Plaintiff's counsel would have sent me a copy or otherwise alerted me to the motion.

11.  To ensure this does not reoccur, we contacted the ECF help desk to correct the problem. I have filed a Notice of Appearance and in addition, I had my associate file a Notice of Appearance to also receive notices in this case as a measure of redundancy.

DISCOVERY TO DATE

12.  Pursuant to the Court's April 3 Order Take-Two served Revised Initial Disclosures on April 8, 2007. See Ex. D.

13.  Defendant timely responded to Plaintiff's Requests to Admit on May 2, 2007. See Ex. E.

14.  Take-Two has produced documents on three separate occasions; on April 4, May 14 and May 15. See Exs. F, G and H.

15.  To date, Take-Two has produced all hard-copy responsive documents it has located and after review of approximately one million pages of electronic documents has produced approximately 15,000 electronically maintained documents that have been identified as relevant. Id.

16.  On May 15, 2004, Take-Two served on Plaintiff's counsel a privilege log and is not withholding any currently identified responsive document on any basis other than those identified on the privilege log. See Ex. H.

17. On May 15, 2007, Take-Two served revised Document Production Responses that eliminate all general objections and produced tens of thousands of pages of documents responsive to Plaintiff's requests. See Ex. I.

18. On May 16, 2007, Take-Two served Supplemental Interrogatory Responses that eliminate all general objections and had provided additional responsive information. See Ex. J.

19. Take-Two remains engaged in the review of over 100,000 additional electronic documents (comprised of over two million pages), and will continue to produce the remaining electronic documents as they are reviewed and found relevant.

20. Given Defendant's actions, which are the result of work and attention that preceded Plaintiff's motion, and continues today, there is no need for any intervention by this Court.

21. The 2007 "change in control" at Take-Two has hampered it's ability to identify responsive documents and establish where they are located. This turnover of personnel also complicates Take-Two's ability to confirm or refute factual assertions made by Plaintiff.

22. No witness with knowledge concerning the negotiation of Plaintiff's contract is still in the Defendant's employ.

23. Many of the computers to be searched belonged to former employees and were thus in storage and needed to be located and retrieved.

24. Take-Two has produced all known, responsive paper documents. To date, Take-Two has collected over three million pages of electronic material, reviewed over one million pages of these electronic documents, and has produced over fifteen thousand pages. The remaining

electronic documents are being reviewed for production and will be produced before the close of discovery in increments sufficient to warrant burning to a DVD. See id.

25.   This review process for responsiveness and privilege, which Take-Two has been engaged in for over two months, has consumed the time of as many as 10 attorneys, as well as necessary layers of subsequent review.

26.   Consequently, Take-Two cannot produce all remaining responsive documents by May 16, 2008 as demanded by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2008.

_____
Kathleen M. McKenna