Exhibit C

FILED ECF ON 10/09/07
DOCK'D  X    D/IR'D

## Answers to Complaints

1:07-cv-07932-GEL Judd v. Take-Two Interactive Software, Inc.
ECF

# U.S. District Court

## United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by McKenna, Kathleen on 10/9/2007 at 7:38 PM EDT and filed on 10/9/2007

**Case Name:**      Judd v. Take-Two Interactive Software, Inc.
**Case Number:**    1:07-cv-7932
**Filer:**          Take-Two Interactive Software, Inc.
**Document Number:** 4

**Docket Text:**
ANSWER to Complaint. Document filed by Take-Two Interactive Software, Inc..(McKenna, Kathleen)


**1:07-cv-7932 Notice has been electronically mailed to:**

Alisa Lynn Silverstein     asilverstein@kudmanlaw.com

**1:07-cv-7932 Notice has been delivered by other means to:**

Gary Trachten
Kudman, Trachten, L.L.P.
350 Fifth Avenue
New York, NY 10118-0110

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/9/2007] [FileNumber=3885519-0
] [26d43d5b11dbe8f9ccf5dadb6d877f7eb24aac0352a9ab54a331c4d7155a5b9707f
5a5a09ac984d17c8ef441fc1b3374c987f2a855464ed391a5d08c77645c24]]

PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SAMUEL A. JUDD,                                              :

        Plaintiff,                                  :     No. 07 Civ. 7932 (GEL) (HP)

v.                                                           :     **ANSWER**

TAKE-TWO INTERACTIVE SOFTWARE, INC.,                         :

        Defendant.                                  :
------------------------------------------------------------ X

        Defendant, Take-Two Interactive Software, Inc., ("Take-Two"), by and through its attorneys, Proskauer Rose LLP, hereby answer the Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.    Admit the allegations in paragraph 2 of the Complaint.

    3.    The allegation contained in paragraph 3 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied.

    4.    The allegation contained in paragraph 4 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied,

except admit that Plaintiff alleges that the Court's jurisdiction is predicated on diversity of citizenship.

5. The allegation contained in paragraph 5 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied, except admit that Plaintiff alleges that the Court's jurisdiction over Take-Two is predicated on CPLR §301.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

## BACKGROUND FACTS

7. Admit the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint, except admit Judd was employed as the Senior Vice President of Planning and Administration, reporting to Take-Two's Chief Executive Officer or his designee, and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

9. Deny the allegations in paragraph 9 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

10. Deny the allegations in paragraph 10 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Deny the allegations in paragraph 12 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Admit the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006 and that Take-Two did not pay Plaintiff a cash bonus for those years.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Admit the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that Ben Felder was Take-Two's Acting CEO in May 2007 and that there was to be no continuing role for Judd after his contract expired.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

24. Deny the allegations in paragraph 24 of the Complaint, except admit that Take-Two received a letter on behalf of Plaintiff, dated May 30, 2007, which purported to assert a Good Reason termination.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint, except admit that Judd ceased providing services to Take-Two and terminated his employment on June 29, 2007.

27. Deny the allegations in paragraph 27 of the Complaint, except admit that on June 29, 2007, Judd stopped providing service of any type and performing his duties under the Employment Contract and returned certain Take-Two property that had been in his care and custody.

28. Defendant denies the allegations in paragraph 28 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

### FOR THE FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT – BONUS)

29. Defendant repeats its responses to paragraphs 1 through 28 above as if fully restated herein.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that Take-Two determined that Plaintiff was not entitled to a bonus in 2005 and 2006 and that Take-Two did not pay Plaintiff a cash bonus for those years.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. The allegation contained in paragraph 33 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies the allegations in paragraph 33 of the Complaint and respectfully refers the Court to the cited Employment Agreement for the best evidence of its content.

34. Deny the allegations in paragraph 34 of the Complaint.

### FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT – TERMINATION PAY)

35. Defendant repeats its responses to paragraphs 1 through 34 above as if fully restated herein.

36. Deny the allegations in paragraph 36 of the Complaint and respectfully refer the Court to the cited Employment Agreement for the best evidence of its content.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

40. If Plaintiff has suffered damages, which Defendant expressly denies, upon

information and belief, Plaintiff has failed to take reasonable and diligent efforts to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

41. To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own action or inaction.

### FOURTH AFFIRMATIVE DEFENSE

42. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's failure to fulfill the condition precedent and/or to perform under the contract.

### SIXTH AFFIRMATIVE DEFENSE

44. Any compensation to which Plaintiff may have been legally entitled has already been paid to Plaintiff by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

45. Take-Two's conduct towards Judd was always in good faith and at all times, Take-Two dealt fairly with Judd.

### EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiff surrendered and discharged any contractual right to a bonus by failing to object or by acquiescence.

## NINTH AFFIRMATIVE DEFENSE

47. A the time of contracting, Take-Two and Plaintiff did not share a common intent with respect to the amount, timing, or determination of any possible bonus payable to Plaintiff and therefore, there was no mutual assent on that issue, and Take-Two has no obligation to Plaintiff as to any bonus.

Dated: New York, New York
       October 9, 2007

PROSKAUER ROSE LLP

By: _____
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Defendant*

**Other Documents**

FILED ECF ON 10/09/07
DOCK'D  X   DAIR'D

1:07-cv-07932-GEL Judd v. Take-Two Interactive Software, Inc.
ECF

# U.S. District Court

## United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by McKenna, Kathleen on 10/9/2007 at 7:30 PM EDT and filed on 10/9/2007
**Case Name:**       Judd v. Take-Two Interactive Software, Inc.
**Case Number:**     1:07-cv-7932
**Filer:**           Take-Two Interactive Software, Inc.
**Document Number:** 3

**Docket Text:**
RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Take-Two Interactive Software, Inc..(McKenna, Kathleen)

**1:07-cv-7932 Notice has been electronically mailed to:**

Alisa Lynn Silverstein    asilverstein@kudmanlaw.com

**1:07-cv-7932 Notice has been delivered by other means to:**

Gary Trachten
Kudman, Trachten, L.L.P.
350 Fifth Avenue
New York, NY 10118-0110

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/9/2007] [FileNumber=3885498-0
] [0d7f632aa9486f84a0a67d0d3d6215c89968f745b2318feecb1ea3cbb1c0e56d0c7
7d465ad3ec2a690e85c4b40ac6f00a1e3cd9533a75c6b947b37b66bb24da9]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SAMUEL A. JUDD,                                                :

        Plaintiff,                                          :   No. 07 Civ. 7932 (GEL) (HP)

v.                                                             :   **DEFENDANT'S STATEMENT**
                                          **PURSUANT TO FRCP 7.1**
TAKE-TWO INTERACTIVE SOFTWARE, INC.,  :

        Defendant.                                          :
-------------------------------------------------------------- X

      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Defendant Take-Two Interactive Software, Inc. ("Take-Two") (a private non-governmental party) certifies that Take-Two has no parent corporation. The following corporations own 10% or more of Take-Two's stock: OppenheimerFunds, Inc., FMR Corp., and Unicredito Italiano S.p.A.

Dated: New York, New York
       October 9, 2007

                                                                      PROSKAUER ROSE LLP

                                                                      By: _____
                                                                           Kathleen M. McKenna
                                                                              Thomas A. McKinney
                                               1585 Broadway
                                             New York, New York 10036
                                             (212) 969-3000
                                             *Attorneys for Defendant*