Exhibit D

## PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Ian C. Schaefer
Attorney at Law

Direct Dial 212.969.3563
ischaefer@proskauer.com

April 8, 2008

**By Hand Delivery**

Gary Trachten, Esq.
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118

Re:   Samuel Judd v. Take-Two Interactive Software, Inc., No. 07 Civ. 7932 (GEL) (HP)

Dear Gary:

Pursuant to Judge Lynch's Order dated April 3, 2008, Defendant encloses for service upon you its Amended and Supplemental Initial Disclosures Pursuant to Rule 26(a)(1).

Please let me know if you have any questions.

Sincerely,

Ian C. Schaefer

Enclosures

cc:   Kathleen M. McKenna, Esq.
      Thomas A. McKinney, Esq.
      Christopher Casazza, Esq.

PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
Ian C. Schaefer
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SAMUEL A. JUDD,                                              :

       Plaintiff,                                    :    No. 07 Civ. 7932 (GEL) (HP)

v.                                                           :    **DEFENDANT'S AMENDED AND
    SUPPLEMENTAL INITIAL
    :    DISCLOSURES PURSUANT TO
    RULE 26(a)(1)**

TAKE-TWO INTERACTIVE SOFTWARE, INC.,    :

                                         :
       Defendant.
------------------------------------------------------------ X

       Defendant, Take-Two Interactive Software, Inc., ("Take-Two"), by and through its attorneys, Proskauer Rose LLP, hereby provides its initial disclosures, to the best of its knowledge at this time, as set forth below.

## GENERAL STATEMENT

       1.    By providing any information pursuant to any provision of Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant does not concede the admissibility of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving, or intending to waive, any objections as to the competency, relevancy, privilege, or admissibility as evidence, or for any other purpose, of any of the information produced or

identified herein in any proceeding, including the trial of this action or any subsequent proceeding.

2.      Defendant objects to providing documents pursuant to Rule 26(a)(1), that may be requested, that are protected by the attorney-client privilege or work-product doctrine.

3.      Identification of any document that is privileged or is otherwise protected from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Defendant reserves the right to supplement its responses to each provision of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## DISCLOSURES

### Disclosure Request 26(a)(1)(A)

The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

### Response to Disclosure Request 26(a)(1)(A)

Defendant believes that the following persons may have information relevant to its defenses in this case. All individuals listed below have knowledge of Plaintiff's job duties and responsibilities, Take-Two's organizational structure, and when noted, compensation or contractual related-issues.

John Stern
10775 Avian Drive
Alpharetta, GA 30022

David Rosenbaum
9435 Shawnee Run Road
Cincinnati, Ohio 45243

Fergus O'Donoghue
152 Ludlow St., Apt. 5A
New York, NY 10009

Matthew Flott
6 Statesboro Road
Freehold, NJ 07728

Johnathan Wlader
181 Long Hill Road, Apt. 3-11
Little Falls, NJ 07424

Karl Winters (Compensation-related issues)
898 Hillcrest Road
Ridgewood, NJ 07450

Seymour Sammell
19 West 44th Street, 18th floor
New York, NY 10036

Richard Roedel (Compensation and contract-related issues)
164 West Road
New Canaan, CT 06840

Paul Eibeler (Compensation and contract-related issues)
41 Frost Creek Dr.
Latting Town, NY 11560

Samuel Judd (Compensation and contract-related issues)
One Smoke Hill Drive
Stamford, CT 06903

Ben Feder (Compensation and contract-related issues)
Take-Two Interactive Software
622 Broadway
New York, NY 10112

3

Karl Slatoff (Contract-related issues)
Take-Two Interactive Software
622 Broadway
New York, NY 10112

Lainie Goldstein
Take-Two Interactive Software
622 Broadway
New York, NY 10112

Steve Buchanan
Take-Two Interactive Software
622 Broadway
New York, NY 10112

**Disclosure Request 26(a)(1)(B)**

A copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**Response to Disclosure Request 26(a)(1)(B)**

Based upon the information available at the present time, Defendants identify the following categories of documents that are in their possession as responsive to Initial Disclosure Request 26(a)(1)(B):

1. Plaintiff's personnel file;

2. Plaintiff's employment contract;

3. Relevant organizational charts;

4. Documents reflecting Plaintiff's position, job duties and responsibilities and compensation, while employed by Take-Two.

### Disclosure Request 26(a)(1)(C)

A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

### Response to Disclosure Request 26(a)(1)(C)

Not applicable.

### Disclosure Request 26(a)(1)(D)

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### Response to Disclosure Request 26(a)(1)(D)

None.

Dated: New York, New York
April 8, 2008

PROSKAUER ROSE LLP

By: _____
Kathleen M. McKenna
Thomas A. McKinney
Ian C. Schaefer

1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Defendant

5