Exhibit E

Case 1:07-cv-07932-GEL   Document 15-6   Filed 05/16/2008   Page 1 of 9

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Ian C. Schaefer
Attorney at Law

Direct Dial 212.969.3563
ischaefer@proskauer.com

May 2, 2008

**By Email and UPS Overnight Mail**

Gary Trachten, Esq.
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118

Re:   Samuel Judd v. Take-Two Interactive Software, Inc., No. 07 Civ. 7932 (GEL) (HP)

Dear Gary:

Having heard no response to my voicemails and emails to you and Alisa Silverstein of this afternoon, we enclose for service upon you Defendant's Responses To Plaintiff's First Request for Admissions as currently reviewed and approved by our client. Defendant reserves its right to supplement its responses.

Sincerely,

Ian C. Schaefer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMUEL A. JUDD,

                              Plaintiff,

                  -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,
                          Defendant.

------------------------------------------------------------x

07 Civ 7932 (GEL) (HP)

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

      Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, for its objections to Plaintiff's First Request for Admissions (the "Requests"), and for its answers to said requests, hereby states as follows:

      Defendant's objections to the definitions set forth in the Plaintiff's First Set of Interrogatories shall apply to these Requests.

      Defendant's answers herein are based upon information presently known to it, and Defendant reserves the right to present at trial additional information subsequently discovered, and/or to supplement its answers in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

      In providing specific answers to the Requests, Defendant does not in any way waive or intend to waive, but rather intends to preserve and is preserving (a) all objections as to the competency, relevance, materiality and admissibility of the answers or the subject matter thereof; (b) all rights to object on any ground to the use of any answer and the subject matter thereof in any subsequent proceeding, including the trial of

this or any other action; and (c) all rights to object on any ground to any request for further answers to the Requests or any other discovery request involving or related to the subject matter of the Requests.

**Request No. 1**

That Take-Two and Judd did not agree on a quantitative and qualitative performance target for Take-Two's 2007 fiscal year.

**Response to Request No. 1**

Deny. There was a common understanding between Judd and Take-Two as to what company and personal performance targets were for fiscal year 2007.

**Request No. 2**

That Take-Two and Judd did not agree on a quantitative and qualitative performance target for Take-Two's 2006 fiscal year.

**Response to Request No. 2**

Deny. There was a common understanding between Judd and Take-Two as to what company and personal performance targets were for fiscal year 2006.

**Request No. 3**

That Take-Two and Judd did not agree on a quantitative and qualitative performance target for Take-Two's 2005 fiscal year.

**Response to Request No. 3**

Deny. There was a common understanding between Judd and Take-Two as to what company and personal performance targets were for fiscal year 2005.

**Request No. 4**

That Take-Two and Judd did not agree on a quantitative and qualitative performance target for Take-Two's 2004 fiscal year.

**Response to Request No. 4**

Deny. There was a common understanding between Judd and Take-Two as to what company and personal performance targets were for fiscal year 2004.

**Request No. 5**

That Take-Two did not propose to Judd a quantitative and qualitative performance target for Take-Two's 2007 fiscal year.

**Response to Request No. 5**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two discussed with Judd both company and personal performance targets for Take-Two's 2007 fiscal year.

**Request No. 6**

That Take-Two did not propose to Judd a quantitative and qualitative performance target for Take-Two's 2006 fiscal year.

**Response to Request No. 6**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two discussed with Judd both company and personal performance targets for Take-Two's 2006 fiscal year.

**Request No. 7**

That Take-Two did not propose to Judd a quantitative and qualitative performance target for Take-Two's 2005 fiscal year.

**Response to Request No. 7**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two discussed with Judd both company and personal performance targets for Take-Two's 2005 fiscal year.

**Request No. 8**

That Take-Two did not propose to Judd a quantitative and qualitative performance target for Take-Two's 2004 fiscal year.

**Response to Request No. 8**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two discussed with Judd both company and personal performance targets for Take-Two's 2004 fiscal year.

**Request No. 9**

That Take-Two did not request Judd to propose a quantitative and qualitative performance target for Take-Two's fiscal year 2007.

**Response to Request No. 9**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two invited Judd's input as to both company and personal performance targets for Take-Two's 2007 fiscal year.

**Request No. 10**

That Take-Two did not request Judd to propose a quantitative and qualitative performance target for Take-Two's fiscal year 2006.

**Response to Request No. 10**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two invited Judd's input as to both company and personal performance targets for Take-Two's 2006 fiscal year.

**Request No. 11**

That Take-Two did not request Judd to propose a quantitative and qualitative performance target for Take-Two's fiscal year 2005.

**Response to Request No. 11**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two invited Judd's input as to both company and personal performance targets for Take-Two's 2005 fiscal year.

**Request No. 12**

That Take-Two did not request Judd to propose a quantitative and qualitative performance target for Take-Two's fiscal year 2004.

**Response to Request No. 12**

Deny. Take-Two and Judd engaged in an interactive process concerning the company's performance, Judd's personal performance, and expectations for both. As part of that informal process, Take-Two invited Judd's input as to both company and personal performance targets for Take-Two's 2004 fiscal year.

**Request No. 13**

That the document annexed hereto as Exhibit A is a true copy of a written contract between Judd and Take-Two.

**Response to Request No. 13**

Admit.

**Request No. 14**

That the document annexed hereto as Exhibit B is a true copy of correspondence that Take-Two received by telecopier on May 30, 2007.

**Response to Request No. 14**

Admit.

**Request No. 15**

That the document annexed hereto as Exhibit B is a true copy of correspondence that Take-Two received via a nationally recognized overnight courier on May 31, 2007.

**Response to Request No. 15**

Admit.

**Request No. 16**

That in the period between May 30, 2007 and June 30, 2007, Take-Two did not add to those duties or responsibilities that Judd had as of the close of business on May 29, 2007.

**Response to Request No. 16**

Admit.

**Request No. 17**

That in the period between May 30, 2007 and June 30, 2007, Take-Two did not add to the authority that Judd had as of the close of business on May 29, 2007.

**Response to Request No. 17**

Admit.

**Request No. 18**

That in the period between May 30, 2007 and June 30, 2007, Take-Two did not change Judd's reporting relationship such that he would report to a higher level of authority with Take-Two than the level to which he reported as of the close of business on May 29, 2007

**Response to Request No. 18**

Admit.

Dated: New York, New York
         May 2, 2008

                                        PROSKAUER ROSE LLP

                                        By: _____
                                        Kathleen M. McKenna
                                        Thomas A. McKinney
                                        1585 Broadway
                                        New York, New York  10036
                                        (212) 939-3000
                                        Attorneys for Defendant

7