Exhibit G

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Ian C. Schaefer
Attorney at Law

Direct Dial 212.969.3563
ischaefer@proskauer.com

May 14, 2008

**By Hand Delivery**

Gary Trachten, Esq.
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118

Re:   Samuel Judd v. Take-Two Interactive Software, Inc., No. 07 Civ. 7932 (GEL) (HP)

Dear Gary:

I write to address the issues you have raised in the course of discovery, and will address each in turn.

**Identification Numbers (Bates Stamps)**

Your letter of April 11 correctly identified a gap in our production between D00000242 and D000001051. The omission was an oversight, and we enclose herewith various Take-Two SEC filings for the period 2004 – 2007, responsive to Document Request No. 27.

**E-Discovery**

Enclosed for service upon you are the following electronic documents on DVD that are Bates-stamped as follows. We continue to review the documents that we have identified as being potentially responsive to your Requests.

- D002872 - D002913, Responsive to Doc. Request No. 9
- D002914 - D002945, Responsive to Doc. Request Nos. 2, 3, 5
- D002946 - D003154, Responsive to Doc. Request Nos. 5, 7, 9, 11, 26
- D003155 - D003185, Responsive to Doc. Request No. 9
- D003186 - D003263, Responsive to Doc. Request No. 14

**PROSKAUER ROSE LLP**

Gary Trachten, Esq.
May 14, 2008
Page 2

- D003264 - D004922, Responsive to Doc. Request Nos. 13, 20
- D004923 - D005238, Responsive to Doc. Request Nos. 15, 21, 22
- D005239 - D017709, Responsive to Doc. Request Nos. 15, 16

**Redactions (Confidentiality-Based and Purported-Privilege Based)**

Your letter of April 11 takes issue with Defendant's designation of various documents as Confidential, pursuant to the agreed upon Stipulation and Order of Confidentiality (the "Agreement").

The documents which Defendant has redacted fall into three categories: (i) redactions of employees' Social Security numbers; (ii) redactions of routing numbers and other personal banking information; and (iii) redactions based upon attorney-client privilege. With respect to personal financial information and Social Security numbers,[1] to be sure, pursuant to Fed. R. Civ. Pro. 5.2, these redactions are wholly appropriate, and we struggle to ascertain why such documents should be produced, even as you propose, on an "attorney-eyes only" basis. We similarly struggle to comprehend to whom Plaintiff may wish to disclose such private and personal information that has absolutely no bearing on the claims asserted in this action.

With respect to the documents redacted on the basis of privilege, Defendant is aware of the parameters of the attorney-client privilege, and the requirements set forth in L.R. 26.2, among other authorities. Notwithstanding the foregoing, upon further review we recognize that there were errors in the original redactions to both the Board of Directors Minutes and the Compensation Committee Minutes. Defendant will produce by hand delivery tomorrow, May 15, a revised set of Board of Directors Minutes and Compensation Committee Minutes, accompanied by Defendant's privilege log addressing same.

With respect to document stamped D001500 and D001503, there were no redactions made to this document. We have reviewed the document and it appears that one page of the document, D001501, was improperly duplicated. We enclose a revised and complete document, Bates-Stamped Confidential, D001499 – 1503.

---

[1] For purposes of clarity, those documents are Bates Nos.: D002237-D002238; D002241-D002242; D002245; D 002251; 002317; D002317, D002320, D002323; D002317, D002320, D002323; D 002326-D002327; D002329; D 002333-D 002336; D 002340; D002467; D002470-D002471; D002474-D002475; D002483; D002486; D002503-D 002505; D002508-D002516; D002519; D002523-D002524; D002526-D002528; D002532; D002535-D002537; D 002576-D002577; D002579-D002580; D002623; D002652-D002655; D002657-D002661; D002663-D002667; D 002669-D002670; D002674, D002676; D002701, D002703; D002705-D002706; D002710-D002711.

**PROSKAUER ROSE LLP**

Gary Trachten, Esq.
May 14, 2008
Page 3

### Wholesale Designation

Defendant's designation of each and every page of personnel files of current and former employees as confidential is also fully appropriate. As an fundamental matter, Take-Two holds personal information of all employees, including materials in personnel files in the highest of confidences, irrespective of whether some of the material contained therein may be available in other (or public) sources. Accordingly, Defendant designated each and every page of the personnel files, as they were maintained (and treated) in the ordinary course of business, as confidential. As with the items raised above, we struggle to appreciate why our designations in this regard are problematic in light of Defendant's complete production of responsive documents.

### Response to Doc. Request No. 26

There is no "confusion" or "mistake" on the part of Defendant with respect to its Response to Plaintiff's Doc. Request No. 26. As you noted in your letter, that Request "seeks documents that concern each and every executive employee's performance target for each bonus period where ach such executive's eligibility to a bonus was tied (in whole or in part) to a stated quantitative and/or qualitative performance target." Simply put, documents that are clearly responsive to that request would be contained in, and comprise part of the personnel file of both Plaintiff and other executives (either in an employment agreements, or other document). Since Defendant produced the personnel files of Plaintiff, and also produced the personnel files of its current and former executives in its Response to Request Nos. 1, 2, and 3, the cross-reference to this production in its Response to Request No. 26 was indeed intentional and appropriate. Additionally, as we have noted in our previous communications, Defendant continues to search for documents that are responsive with this Request, and will produce them (to the extent they are discovered) in accordance with our continuing discovery obligations.

Sincerely,

Ian C. Schaefer

Enclosures

cc:  Kathleen M. McKenna, Esq.
     Thomas A. McKinney, Esq.
     Christopher Casazza, Esq.