Exhibit J

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Ian C. Schaefer
Attorney at Law

Direct Dial 212.969.3563
ischaefer@proskauer.com

May 16, 2008

**<u>By Hand Delivery</u>**

Gary Trachten, Esq.
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118

Re:   <u>Samuel Judd v. Take-Two Interactive Software, Inc., No. 07 Civ. 7932 (GEL) (HP)</u>

Dear Gary:

Per my letter of May 15, enclosed for service upon you are Defendant's Amended Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories.

Please let me know if you have any questions.

Sincerely,

Ian C. Schaefer

Enclosures

cc:   Kathleen M. McKenna, Esq.
      Thomas A. McKinney, Esq.
      Christopher Casazza, Esq.

PROSKAUER ROSE LLP
Kathleen M. McKenna
Thomas A. McKinney
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SAMUEL A. JUDD,

                Plaintiff,

                -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                Defendant.

-------------------------------------------------------------X

ECF Case
07 Civ. 7932 (GEL)(HP)

**DEFENDANT'S AMENDED
SUPPLEMENTAL RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

    Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, for its amended supplemental objections to Plaintiff Samuel Judd's ("Plaintiff") First Set of Interrogatories (the "Interrogatories"), and for its supplemental answers to said interrogatories, hereby states as follows:

## EXPLANATION OF OBJECTIONS, COMMENTS, AND QUALIFICATIONS

    1.    Objections as to privilege shall be understood to mean an objection to the Interrogatories to the extent that they seek the disclosure of confidential information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  To the extent that any privileged information or document is produced

inadvertently in response to the Interrogatories, such production shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or protection for such information, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.   Any such information and/or document that is inadvertently produced shall be subject to return on demand.

2.    Objections as to overbreadth shall be understood to mean an objection to the Interrogatories as overly broad, unduly burdensome, oppressive, seeking information and/or documents without proper limit as to their subject matter and unreasonably expansive to the extent they seek production from Defendant of information and/or documents not in Defendant's possession, custody or control.

3.    Objections as to being unduly burdensome shall be understood to mean an objection to the Interrogatories to the extent that the information and/or documents sought are overly broad, unreasonably cumulative or duplicative, beyond the scope of permissible discovery, or are obtainable from some other source that is more convenient, less burdensome or less expensive.

4.    Objections as to vagueness shall be understood to mean an objection to the Interrogatories to the extent that they do not specify the information and/or documents sought with reasonable particularity.

5.    It should not be inferred from the form or substance of any objection or response herein that Defendant agrees with Plaintiff's characterization of the facts in the Interrogatories.

6.    Defendant's answers are without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  Although persons

2

who are non-parties, and who are not now employees of Defendant, may have information relevant to the subject matter of Plaintiff's Interrogatories, Defendant is not purporting to provide information, if any, presently possessed by such persons. Any response contained herein is also made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof or the significance of which is later discovered.

       7.     In making these objections and answers, Defendant does not waive or intend to waive, but on the contrary, reserves and intends to reserve:

        a.  all questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the information and/or documents produced hereunder or the subject thereof;

        b.  the right to object on any ground to the use of the information and/or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

        c.  the right to object on any ground, at any time, to a demand for further response or document production; and

        d.  the right at any time to revise, supplement, correct, or add to its responses.

3

**INTERROGATORIES**

**Interrogatory No. 1**

Identify, each and every *former* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Take-Two executive personnel generally for (separately):

    (a)    fiscal year 2004;

    (b)    fiscal year 2005;

    (c)    fiscal year 2006; and

    (d)    fiscal year 2007.

**Response to Interrogatory No. 1**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive personnel," "generally" and "participated." Defendant further objects on the grounds that it is seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the interrogatory is irrelevant as to individuals other than Plaintiff.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that the following individuals were involved in the decisionmaking process regarding bonuses:

Fiscal Year 2004:    Rich Roedel, Karl Winters, and Members of the Compensation Committee of Take-Two's Board of Directors.

Fiscal Year 2005:    Rich Roedel, Karl Winters, and Members of the Compensation Committee of Take-Two's Board of Directors.

4

Fiscal Year 2006:        Paul Eibeler, Karl Winters, and Members of the Compensation Committee
                         of Take-Two's Board of Directors.

Fiscal Year 2007:        No former employees.


Defendant also refers Plaintiff to its Responses to Interrogatory Nos. 5 and 6.


**Interrogatory No. 2**

Identify, each and every *former* employee of Take-Two who participated in the
decisionmaking concerning whether and/or how much bonus compensation would be paid to
Judd generally for (separately):

            (a)      fiscal year 2004;

            (b)      fiscal year 2005;

            (c)      fiscal year 2006; and

            (d)      fiscal year 2007.

**Response to Interrogatory No. 2**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the
terms "generally" and "participated."

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant
refers Plaintiff to its Response to Interrogatory No. 1.


**Interrogatory No. 3**

Identify, each and every *current* employee of Take-Two who participated in the
decisionmaking concerning whether and/or how much bonus compensation would be paid to
Take-Two executive personnel generally for (separately):

(a)    fiscal year 2004;

(b)    fiscal year 2005;

(c)    fiscal year 2006; and

(d)    fiscal year 2007.

**Response to Interrogatory No. 3**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive personnel," "generally" and "participated." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the interrogatory is irrelevant as to individuals other than Plaintiff.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states:

| | |
|---|---|
| Fiscal Year 2004: | No current employees were involved in the decisionmaking process. |
| Fiscal Year 2005: | No current employees were involved in the decisionmaking process. |
| Fiscal Year 2006: | No current employees were involved in the decisionmaking process. |
| Fiscal Year 2007: | Ben Feder, Karl Slatoff, Lainie Goldstein, Courtney Kelley, and Members of the Compensation Committee were involved in the decisionmaking process. |

Defendant also refers Plaintiff to its Responses to Interrogatory Nos. 5 and 6.

**Interrogatory No. 4**

Identify, each and every *current* employee of Take-Two who participated in the decisionmaking concerning whether and/or how much bonus compensation would be paid to Judd in particular for (separately):

6

     (a)     fiscal year 2004;

     (b)     fiscal year 2005;

     (c)     fiscal year 2006; and

     (d)     fiscal year 2007.

## Response to Interrogatory No. 4

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "participated."

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant refers Plaintiff to its Response to Interrogatory Nos. 1 and 3.


## Interrogatory No. 5

Identify, all *former* members of Take-Two's Board of Directors that were members of its Compensation Committee for (separately):

     (a)     fiscal year 2004;

     (b)     fiscal year 2005;

     (c)     fiscal year 2006; and

     (d)     fiscal year 2007.

## Response to Interrogatory No. 5

Defendant states that the composition of the Compensation Committee was as follows:

     (a)     Fiscal Year 2004:     Robert Flug, Oliver R. Grace, Jr., Steven Tisch.

     (b)     Fiscal Year 2005:     Robert Flug, Mark Lewis, Steven Tisch.

     (c)     Fiscal Year 2006:     John Levy, Mark Lewis, Steven Tisch.

     (d)     Fiscal Year 2007:     John Levy, Mark Lewis, Steven Tisch (until March 2007);

Michael Dornemann, J. Moses, Michael Sheresky
(March 2007 – present).

## Interrogatory No. 6

Identify all *current* members of Take-Two's Board of Directors that were members of its Compensation Committee for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

      (c)     fiscal year 2006; and

      (d)     fiscal year 2007.

## Response to Interrogatory No. 6

Defendant states that there are no current members of Take-Two's Board of Directors that were members of its Compensation Committee for Fiscal Year 2004 or Fiscal Year 2005. Defendant further states that John Levy is a current member of Take-Two's Board of Directors that was a member of the Compensation Committee for Fiscal Years 2006 and 2007. Defendant also refers Plaintiff to its Response to Interrogatory No. 5.

## Interrogatory No. 7

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its information technology functions (other than as it related to Take Two product technology) for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

8

    (c)      fiscal year 2006; and

    (d)      any and all parts of fiscal year 2007; and

    (e)      the period of May-June 2007.

**<u>Response to Interrogatory No. 7</u>**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "information technology functions." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Samuel Judd had responsibility for Take-Two's information technology functions from Fiscal Year 2004 until his departure in June 2007.

**<u>Interrogatory No. 8</u>**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its procurement and/or purchasing functions for (separately):

    (a)      fiscal year 2004;

    (b)      fiscal year 2005;

    (c)      fiscal year 2006;

    (d)      any and all parts of fiscal year 2007; and

    (e)      the period of May-June 2007.

**Response to Interrogatory No. 8**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "purchasing functions." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Samuel Judd had responsibility for Take-Two's procurement and/or purchasing functions from Fiscal Year 2004 until Judd himself decided to terminate his responsibilities in Fiscal Year 2006. Between Fiscal Year 2004 and Fiscal Year 2006, John Wlader also had responsibility for this function, reporting to Judd. After Wlader left Take-Two's employment, Judd hired Fergus O'Donoghue as Wlader's replacement serving those same functions.

**Interrogatory No. 9**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its insurance review and procurement and/or risk management functions for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

      (c)     fiscal year 2006;

      (d)     any and all parts of fiscal year 2007; and

      (e)     the period of May-June 2007.

**Response to Interrogatory No. 9**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," "insurance review," "procurement," and "risk management." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Samuel Judd had responsibility for Take-Two's insurance review and procurement and/or risk management functions from Fiscal Year 2004, until his departure in June 2007.

**Interrogatory No. 10**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business planning functions for (separately):

       (a)     fiscal year 2004;

       (b)     fiscal year 2005;

       (c)     fiscal year 2006;

       (d)     any and all parts of fiscal year 2007; and

       (e)     the period of May-June 2007.

**Response to Interrogatory No. 10**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "business planning functions." Defendant further objects on the grounds that the interrogatory

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant refers Plaintiff to its Response to Interrogatory No. 12, _infra_.

**Interrogatory No. 11**

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its strategic development functions for (separately):

      (a)     fiscal year 2004;

      (b)     fiscal year 2005;

      (c)     fiscal year 2006;

      (d)     any and all parts of fiscal year 2007; and

      (e)     the period of May-June 2007.

**Response to Interrogatory No. 11**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "strategic development functions." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that responsibility for planning and/or oversight for its strategic development functions sat at all times with the individual labels of Defendant, subject to the approval of Take-Two's Legal and Finance Departments and the office of the CEO. Defendant further states that Samuel Judd

12

had responsibility for the strategic development of Jack of All Games, a corporate subsidiary of Take-Two.

## Interrogatory No. 12

Identify all former and current executive employees of Take-Two who had management, planning and/or oversight responsibilities for its business forecasting functions for (separately):

   (a)  fiscal year 2004;

   (b)  fiscal year 2005;

   (c)  fiscal year 2006;

   (d)  any and all parts of fiscal year 2007; and

   (e)  the period of May-June 2007.

## Response to Interrogatory No. 12

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive employees," "management," "planning," "oversight responsibilities," and "business forecasting functions." Defendant further objects on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Samuel Judd had responsibility for Take-Two's business forecasting function from July 2004 until December 2004. Defendant further states that subsequently, both Lainie Goldstein and Karl Winters served these functions during 2007.

**Interrogatory No. 13**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who (in any role) from February through July 2007, had any conversations or exchanges of written communications with Judd about:

(a) Judd's then current role and position in Take-Two;

(b) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the time of communication through the expiration of the term of the Employment Agreement; and

(c) Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

**Response to Interrogatory No. 13**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive." Defendant further objects on the grounds that the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that the information sought is equally, or more, available to Plaintiff.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Paul Eibeler, Karl Slatoff and Ben Feder had communications with Judd about one or more of the topics described herein.

14

**Interrogatory No. 14**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July 2007, had any conversations or exchanges of written communications with any other officer, director and/or executive of Take-Two about:

> (a)    Judd's then current role and position in Take-Two;
>
> (b)    Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two from the time of communication through the expiration of the term of the Employment Agreement; and
>
> (c)    Judd's and/or Take-Two's anticipation or consideration concerning Judd's role and position within Take-Two for the period after the expiration of the Employment Agreement.

**Response to Interrogatory No. 14**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive." Defendant further objects on the grounds that the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant refers Plaintiff to its Response to Interrogatory No. 13, and further states that Lainie Goldstein, Strauss Zelnick and Seth Krauss were also privy to communications regarding Judd's role within Take-Two.

15

**Interrogatory No. 15**

Identify (separately for each category below) each and every officer, director and/or executive of Take-Two who from February through July, 2007, who has had any conversations or exchanges of written communications with any other officer, director and/or executive of Take-Two about who and/or executive position(s) would thereafter (whether in the short or long term) have executive responsibility for:

      (a)    reviewing or analyzing insurable risks and/or procuring insurance;

      (b)    general procurement/purchasing;

      (c)    information technology (other that as it concerns Take-Two product technology);

      (d)    business planning;

      (e)    strategic planning; and

      (f)    business forecasting.

**Response to Interrogatory No. 15**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "executive," "short or long term," "executive responsibility," "analyzing insurable," "procuring insurance," "general procurement," "purchasing," "information technology," "business planning," "strategic planning," and "business forecasting." Defendant further objects on the grounds that the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant identifies the following individuals:

16

(a)   reviewing or analyzing insurable risks and/or procuring insurance:  Karl Slatoff; Lainie Goldstein.

(b)   general procurement/purchasing:  Karl Slatoff; Lainie Goldstein.

(c)   information technology (other that as it concerns Take-Two product technology):  John Stern, Karl Slatoff, Ben Feder.

(d)   business planning:  not applicable.

(e)   strategic planning:  not applicable.

(f)   business forecasting: not applicable.

## Interrogatory No. 16

Identify each and every current and former executive employee and director of Take-Two that attended any meetings in the period of January through June 2007 in which any draft, proposed, recommended, or implemented organizational chart for Take Two (or any part thereof) was discussed.

## Response to Interrogatory No. 16

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "executive."  Defendant further objects on the grounds that the interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Strauss Zelnick, Ben Feder, Karl Slatoff, Seth Krauss, Lainie Goldstein, Courtney Kelley and Cindy Buckwalter, among others including Plaintiff, would have attended the type of meeting described herein.

17

**Interrogatory No. 17**

Identify each and every current or former agent for Take Two who, on behalf of Take-Two -

    (a)    reached mutual agreement with Judd on "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007;

    (b)    proposed to Judd's consideration, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007; and/or

    (c)    requested that Judd propose, for purposes of an effort to reach mutual agreement, "quantitative and qualitative performance targets" for (separately):

        (i)    fiscal year 2004;

        (ii)    fiscal year 2005;

        (iii)    fiscal year 2006; and

        (iv)    fiscal year 2007.

18

**<u>Response to Interrogatory No. 17</u>**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "agent."

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant identifies Paul Eibeler, Karl Winters and Rich Roedel.

**<u>Interrogatory No. 18</u>**

Identify each and every current and former employee and director of Take-Two who has discussed with any other current or former employee or director:

    (a)    the fact and/or content of the Good Reason Notice Letter;

    (b)    Take-Two's plans for any investigation (if any), conduct and/or communications (if any) responsive to or in connection with the Good Reason Notice Letter;

    (c)    Take-Two's actual investigation and/or communications undertaken in response to or in connection with the Good Reason Notice Letter; and

    (d)    any information obtained as part of any investigation into the contentions set forth in the Good Reason Notice Letter.

**<u>Response to Interrogatory No. 18</u>**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the term "investigation" as cited throughout the interrogatory. Defendant further objects on the grounds that the interrogatory is overly broad and unduly burdensome. Defendant further objects to the extent this interrogatory seeks information protected by the attorney-client privilege.

19

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Strauss Zelnick, Ben Feder, Karl Slatoff, and members of Take-Two's Legal Department have discussed one or more of the topics described herein.


**Interrogatory No. 19**

Identify, each and every former employee or director of Take-Two who has retained Proskauer Rose LLP as his or her attorney in connection with this case -

> (a)    upon a suggestion or solicitation of a representative of Proskauer Rose LLP that he or she do so, further identifying the natural person who made the suggestion or solicitation;

> (b)    upon the suggestion or solicitation of Take-Two, further identifying the natural person who made the suggestion or solicitation;

> (c)    by making a request for such representation upon his or her own initiation, without prior suggestion by Take-Two or Proskauer Rose LLP and without first being told by Take-Two or Proskauer Rose LLP of the opportunity to make such request;

> (d)    for whom Take-Two is bearing the legal fees associated with such representation; and

> (e)    who is bearing his or her own expense in connection with Proskauer Rose LLP's services as such person's attorney.

**Response to Interrogatory No. 19**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "suggestion" and "solicitation." Defendant further objects on the grounds that it seeks

20

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the interrogatory to the extent it seeks information, documents or communications that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Proskauer Rose LLP has not been retained by any former Take-Two employee or director in connection with this case.

**Interrogatory No. 20**

If Take-Two has information or a belief that any former employee or former director of Take-Two has retained an attorney other than Proskauer Rose LLP in connection with this case -

     (a)     identify each such former employee or former director;

     (b)     with respect to each such person, identify his or her attorney; and

     (c)     identify each such person for whom Take-Two has paid, or anticipates it will pay (or reimburse), for that person's attorney fees in connection with the representation.

**Response to Interrogatory No. 20**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the interrogatory to the extent it seeks information, documents or

communications that are protected from disclosure by the attorney client-privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states it does not have knowledge or information sufficient to form a belief that any former employee or former director of Take-Two has retained an attorney other than Proskauer Rose LLP in connection with this case.

**Interrogatory No. 21**

In connection with Take-Two's contention, as stated in its attorney's June 29, 2007 letter to Judd's attorney, that economic and business challenges that Take-Two has faced have "prompted the Company to reorganize its business operations; a process which involves downsizing, relocation, and restructuring," identify all current and former officers, employees and directors that -

    (a)    formulated such reorganization plans;

    (b)    had executive responsibility for overall implementation of such reorganization plans; and

    (c)    had executive responsibility for implementation of such reorganization specifically in connection with:

        (i)    procurement and/or purchasing;

        (ii)    risk management as it concerns consideration of insurance and insurance procurement;

        (iii)    business planning;

     (iv)     strategic planning; and

     (v)     information technology (other than as it concerns specifically

     Take-Two product technology).

## Response to Interrogatory No. 21

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Karl Slatoff, Ben Feder, Strauss Zelnick, Lainie Goldstein, Seth Krauss and Courtney Kelley were generally involved in the formulation and implementation of Take-Two's business reorganization. Defendant further identifies the following individuals who played specific roles in the business reorganization plan:

     (i)     procurement and/or purchasing:  Lainie Goldstein, Karl Slatoff.
     (ii)     risk management as it concerns consideration of insurance and insurance procurement:  Lainie Goldstein, Karl Slatoff.
     (iii)     business planning:  Not applicable.
     (iv)     strategic planning:  Not applicable.
     (v)     information technology (other than as it concerns specifically Take-Two product technology):  Lainie Goldstein, Ben Feder, Karl Slatoff, and John Stern.

## Interrogatory No. 22

Identify all persons who have personal knowledge of the reasons why, as contended in Take-Two's attorney's June 29, 2007 letter to Judd's attorney, no targets were agreed upon for fiscal years 2006 and 2007.

**Response to Interrogatory No. 22**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks documents and information utilized during settlement negotiations which are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

Notwithstanding the foregoing, and without prejudice to Defendant's position, Defendant states that Paul Eibeler and Karl Winters have personal knowledge of whether any targets were agreed upon for fiscal years 2006 and 2007.

**Interrogatory No. 23**

Identify all persons who, with respect to or in connection with Take-Two's electronic document filing, maintenance and storage system(s), have:

     (a)     substantial familiarity;

     (b)     detailed knowledge; and

     (c)     performed services for Take-Two during 2007.

**Response to Interrogatory No. 23**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "substantial familiarity" and "detailed knowledge."

Notwithstanding the forgoing, and without prejudice to Defendant's position, Defendant identifies John Hinkle and Sean Mackenzie.

24

Dated:    New York, New York
          May 16, 2008

                                   PROSKAUER ROSE LLP

                                   By: _____
                                   Kathleen M. McKenna
                                   Thomas A. McKinney
                                   Ian C. Schaefer
                                   1585 Broadway
                                   New York, New York 10036
                                   (212) 969-3000

                                   *Attorneys for Defendant*

                                        25

## VERIFICATION

STATE OF NEW YORK    )
                         )   SS.:
COUNTY OF NEW YORK  )

     I, Christopher L. Casazza, Esq., being duly sworn, state that I am a Vice President & Associate General Counsel at Take-Two Interactive Software, Inc., Defendant in this action, and hereby verify under oath that I have read *Defendant's Amended Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories* and that they are true to the best of my knowledge, except as to those matters alleged on information and belief obtained from current and former employees of Defendant, and as to those matters I believe them to be true.

                                                            Christopher L. Casazza

Sworn to before me this
_6_ day of May, 2008

_____
    Notary Public

DANIEL P. EMERSON
Notary Public, State of New York
No. 02EM6162221
Qualified in Westchester County
Commission Expires 2011

DANIEL P. EMERSON
Notary Public, State of New York
No. 02EM6162221
Qualified in Westchester County
Commission Expires 2011