UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAMUEL A. JUDD,

                                                   07 Civ 7932 (GEL) (HP)

                       Plaintiff,

         -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                      Defendant.

-----------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, submits this memorandum in opposition to Plaintiff's Motion to Compel (the "Motion") consistent with its request, dated May 13, 2008, that the Court accept this response and deem it as timely filed for the reasons stated therein.

### PRELIMINARY STATEMENT

Despite the volume of paper filed with Plaintiff's motion, he concedes that the only issue before the Court is deficiencies in Defendant's document production and interrogatory responses. Because this issue has been addressed, no relief is warranted. Since the Court's Order dated April 3, Take-Two has devoted enormous resources to comply with Plaintiff's far-reaching discovery demands and has accomplished the following:

- After review of over one million pages of documents, Take-Two has produced (i) all hard-copy responsive documents it has located, and (ii) all electronically maintained documents that have been identified as relevant to date.

- Take-Two has served Revised Document Production Responses that eliminate all previously asserted general objections and produced tens of thousands of pages of documents responsive to Plaintiff's requests.

- Take-Two has produced and served a privilege log.

1

- • Take-Two has served Supplemental Interrogatory Responses that eliminate all previously asserted general objections and provided additional responsive information.

- • Take-Two remains engaged in the review of more than 100,000 additional electronic documents (comprised of over two million pages) and will continue to produce the remaining electronic documents as they are reviewed and found relevant.

Given Defendant's actions, which are the result of work and attention that preceded Plaintiff's motion, and continues to today, no need exists for the Court's intervention.

## ARGUMENT

### I.    Take-Two Has Not Violated Any Order Of The Court And Is Complying With Its Discovery Obligations

Critically, Plaintiff does not contend that Take-Two has failed to comply with the Court's Order of April 3, or that any facet of Defendant's production is currently overdue. The only deadline set by the Court's Order required Defendant to supplement its initial disclosures within three days of the Order. Defendant promptly complied with that deadline and Plaintiff does not take issue with Defendant's revised disclosure. Not only has Take-Two complied with the Court's order in all respects, it has continued to actively address its discovery obligations.

Plaintiff's primary complaint is with Defendant's written responses to Plaintiff's document requests and interrogatories. Since receipt of Plaintiff's motion, Defendant has produced revised written responses to both Plaintiff's document requests and interrogatories, and for the sake of clarity, is not withholding any currently identified responsive document on any basis other than those identified on the its privilege log. Plaintiff's motion is moot and misrepresents the manner in which discovery is being conducted.

Far from being denied discovery, Plaintiff has now received from Take-Two over 15,000 pages of documents and a privilege log, along with Initial Disclosures, Interrogatory Responses, Document Production Responses, and responses to his Requests for Admissions.

2

As Take-Two's actions make clear, it is cognizant of and complying with its discovery obligations. Absent from Plaintiff's motion are key facts which entirely undercut his portrayal of discovery in this case. For example, while suggesting that Defendant is not actively participating in discovery, Plaintiff fails to mention that Defendant timely responded to Plaintiff's Requests for Admissions, and only cursorily mentions Defendant's document production of April 4. Plaintiff makes no mention of the fact that Defendant has produced relevant material and with the exception of a single document he claims exists — and which Defendant does not know to exist, and certainly has not located does not attack the content of the production. *See* Trachten Decl. at 14 (assuming based on an ambiguous reference to a "draft management incentive plan" that such a document exists).

As a former Take-Two executive, Plaintiff is undoubtedly aware that the same "change in control" at Take-Two on which he premises one of his claims significantly hampers Defendant's ability to identify and locate responsive documents. Additionally, the near complete turnover of executive personnel during the relevant time period has also impacted Take-Two's ability to confirm or refute Plaintiff's factual inquiries. Additionally, there was the preliminary problem that many of the computers to be searched for information belonged to former employees and were not immediately accessible and needed to be located and retrieved.

Despite the challenges presented by the fact that no witness with knowledge of the negotiation of Plaintiff's contract — the basis for his two claims — is still in Defendant's employ, Take-Two has made substantial and burdensome strides to comply with Plaintiff's requests. With the exception of the remaining traunch of electronic documents still to be reviewed, Defendant has complied with those requests in all respects. The sheer volume of documents produced to Plaintiff make clear that Take-Two is fulfilling its discovery obligations.

II.    **Take-Two Is Diligently Reviewing Electronic Documents
       For Relevance And Producing Them As Quickly As Possible;
       <u>Plaintiff's Proposed Schedule Is Untenable.</u>**

Plaintiff has requested that the Court set May 16, 2008 as a deadline for Take-Two's production of all documents responsive to his December 31, 2007 document requests. Motion to Compel at 11. Such an order is unnecessary and compliance is all but impossible.

Take-Two has produced reams of documents based on Plaintiff's broad requests — all relevant paper documents it was able to identify and tens of thousands of electronic documents. The remaining electronic documents are being reviewed for production and will be produced before the close of discovery in increments sufficient to warrant burning to a DVD.

To date, Take-Two has collected over three million pages of electronic materials, reviewed over one million pages of these electronic documents, and has produced over fifteen thousand pages. This review process for responsiveness and privilege, which Take-Two has been engaged in for over two months, has consumed the time of as many as 10 attorneys, as well as necessary layers of subsequent review.

Despite the scope of this production, or perhaps in light of it, Plaintiff continues to bemoan the speed with which he receives documents and baselessly accuses Take-Two of willfully withholding documents. These claims are subterfuge for Plaintiff's apparent goal – to force Take-Two to settle his meritless claims by using scorched earth litigation tactics, tactics including engaging in vitriolic letter writing campaigns, creating endless discovery disputes and seeking unnecessarily broad electronic production with predictably large attendant costs. If Plaintiff desired a speedier close to discovery, he could have greatly circumscribed his requests

and focused on information germane to his claims.[1]  Plaintiff's litigation tactics suggest a

vengeful former employee using litigation to pressure his former employer to pay money he did

not earn and to which he is not entitled.

      This is a fairly simple breach of contract case where the language of the contract will be

paramount to the resolution of the claims.  Despite the simplicity of the case, Plaintiff's requests

reach far and wide, and the protracted nature of the discovery process is a natural byproduct of

those requests.  Despite the scope of Plaintiff's requests, Take-Two is complying with them, and

all that remains to be produced is further electronic discovery, the review of which is continuing.

### III.    There Is No Reasonable Basis Upon Which To Award Plaintiff Costs Or Impose Any Other Sanctions.

      In contrast to the manner in which Take-Two is participating fully and openly in the

discovery process, Plaintiff has produced virtually nothing, while faulting Take-Two for not

doing enough.  Take-Two has produced documents and responded to other requests to the extent

possible, notwithstanding the absence of knowledgeable witnesses still in its employ and the

attendant difficulties of securing time with former employees.  Take-Two has not engaged in any

bad-faith conduct and, in fact, no discovery obligation remains outstanding other than the

production of the remaining electronic documents still under review.  As Take-Two is working

diligently to produce all responsive electronic documents, and has complied with all other

outstanding discovery requests, any sanction would not serve its deterrent purpose.  *Benitez v.*

---

[1] For example, Defendant notes Plaintiff's request that amounts to a request for all documents concerning other executive's roles and duties from 2004 to the present. *See* Request No. 22. ("All documents for the period from January 1, 2004, to until the present, concerning the position(s) and/or person(s) having executive level responsibility in each of the following areas of Take-Two's business, and any changes thereto: Information technology (other than as the term concerns solely software that Take-Two develops and sells as products in the market); Procurement or purchasing; Insurance; Strategic planning; Risk management; and Business planning. For the avoidance of doubt, this request extends (without limitation) to memoranda, correspondence, emails, etc. to persons and/or files that reflect such changes even if the documents do not characterize the changes as such. By way of example, an email that assigns responsibility that someone did not previously have will be responsive to this request even if the email does not explicitly refer to or describe the assignment as a change.")

*Straley*, 01 Civ. 0181, 2008 U.S. Dist. LEXIS 10927, *5 (S.D.N.Y. Feb. 14, 2008) (denying Rule 37 sanctions where defendant's delay in responding to discovery requests were not based on "bad faith," and finding the motion "moot" where defendant cured defects in discovery after the filing of the motion).

Since the Court's order did not set a deadline for Defendant to produce revised document or interrogatory responses, Plaintiff's motion was premature. Further, before making this motion, which concerns no previous dispute before the Court, Plaintiff had an obligation to meet and confer with Defendant's counsel and at least inquire as to the status of any forthcoming production. Plaintiff made no attempt to do so, choosing instead to redirect Defendant's attention from reviewing documents to responding to this frivolous motion, and to waste the Court's time and resources as well. Plaintiff should not be awarded costs or fees related to the filing of a motion he could have avoided altogether by picking up the telephone.

Any delay in Defendant's service of revised written discovery responses has not delayed the proceedings and has certainly not prejudiced Plaintiff. Plaintiff should not be awarded sanctions based on Defendant's interrogatory responses because the responses served stated only reasonable objections and responded substantively to several requests. The only written discovery that would help Plaintiff narrow the facts for trial, the Responses to Request for Admissions, were timely served (interestingly, on the same day Plaintiff moved to compel). Discovery has not closed, and Plaintiff is not seeking additional disclosures. Rather he seeks to cure what he views as overbroad objections; objections on the basis of which, Defendant has not withheld any documents.[2] As set forth herein, there is nothing to cure.

---

[2] A reasonable reading of Defendant's responses made clear that it was producing documents despite objections.

Finally, Plaintiff should not be awarded sanctions or costs because he has made no good faith effort to obtain the information sought without court action. Plaintiff filed this motion on the same day he received Defendant's Responses to Requests for Admissions. No date had been set for the requested Supplementation of Document Production Responses or Interrogatories. Plaintiff was aware that Defendant was engaged in substantial, rolling document production. Plaintiff recites that he "attempted to in good faith confer . . . in an effort to obtain the due disclosure without court action." Trachten Dec. at 1. However, one must do more than recite the standard set forth in Rule 37, he or she must demonstrate the factual basis that shows he or she did so. Fed. R. Civ. P. 37. Rather than meet and confer, or even make a telephone call or send an e-mail message concerning the status of revised written discovery responses, Plaintiff filed this motion. This refusal to cooperate with opposing counsel is representative of Plaintiff's approach throughout discovery and should not be rewarded.[3]

## CONCLUSION

Take-Two respectfully requests that this Court deem this opposition timely pursuant to it application dated May 13, 2008 and deny Plaintiff's motion to compel and for sanctions in its entirety, and grant any amendment to the discovery schedule it deems proper.

---

[3] Plaintiff has refused reasonable requests for extensions of time, and, without justification, called into question Defendant's ethics and embarked upon a name-calling campaign. *See* Motion to Compel at fn. 1 and fn. 2.

Dated:   New York, New York
         May 16, 2008

PROSKAUER ROSE LLP

By: _____
Kathleen M. McKenna
Thomas A. McKinney
Ian C. Schaefer
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for Defendant*

8