UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SAMUEL A. JUDD,

        Plaintiff,

  -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

        Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/08

07 Civ. 7932 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      In this action for breach of an employment contract, plaintiff Samuel Judd, former employee of defendant Take-Two Interactive Software, Inc., moves to compel a full response by May 16, 2008, to interrogatories and document demands that he served on December 28, 2007. Plaintiff also requests that the Court deem waived all of defendant's objections to plaintiff's discovery demands, revise and extend the current discovery schedule, and impose costs and sanctions on defendant. Following plaintiff's motion, defendant has made what appears to be a substantial production. Therefore, plaintiff's motion will be denied in its entirety and without prejudice, and upon detailed review of that production, plaintiff may move again for further relief if he so chooses.

      Defendant insists that it is "working diligently" to produce responsive documents, and has produced all hard-copy responsive documents that it has located. (Declaration of Kathleen McKenna, dated May 16, 2008, ¶¶ 15, 24.) Defendant notes that it has collected approximately three million pages of electronic documents, reviewed approximately one million pages, and produced approximately fifteen thousand responsive pages. (Id.) Defendant represents that it has also produced all known responsive paper documents, and that all responsive electronic documents will be produced before the close of discovery on a rolling basis. (Id. ¶ 24.)[1]

---

[1] Plaintiff accuses defendant of withholding responsive documents. (Declaration of Gary Trachten, dated May 1, 2008, ¶ 14.) Defendant has certified that it has produced all known responsive paper documents, and it is producing electronic documents on a rolling basis. (McKenna Decl. ¶¶ 15, 24.) The success of the civil discovery process depends on the diligence and integrity of the parties' attorneys, as officers of the Court. The Court has not been asked to find that defendant has intentionally withheld documents. In any event, it would be inappropriate to so find on the basis of this sketchy record, and because plaintiff has not yet had the opportunity to review the documents that Take-Two produced on May 14 and 15, 2008. (See id. ¶ 14.)

  Plaintiff's papers, dated May 2, 2008, state that defendant had not yet provided him with a privilege log as required by Local Rule 26.2. (P. Mem. 15.) However, on May 15, 2008, after plaintiff filed his papers, defendant served plaintiff with a privilege log, and represents that it is "not withholding any currently identified responsive document on any basis other than those identified on the privilege log." (McKenna Decl. ¶ 16.) That same day, defendant also served revised document production responses, eliminated certain general objections to plaintiff's requests, and produced tens of thousands of pages of responsive documents. (Id. ¶ 17.) On May 16, 2007, defendant served supplemental interrogatory responses. (Id. ¶ 18.)

  Perhaps defendant's most recent production will be wholly inadequate. If so, plaintiff may seek appropriate relief. However, under the circumstances, defendant has made what appears to be a substantial production, and at this point in time plaintiff is not in a position to fully evaluate its adequacy. Further, at some later point in time plaintiff may seek to extend the current discovery deadline, but almost two full months remain before discovery is to close, and there is no particular reason at this point to modify the existing schedule.

  Defendant blames plaintiff for filing his papers before fulfilling his meet and confer obligations. (D. Mem. 6.) Plaintiff's counsel, on the other hand, has certified that he has "repeatedly attempted to in good faith confer with the defendant's attorneys in an effort to obtain due disclosure without Court Action," and points to letters dated April 11, 2008, and April 14, 2008, attempting to address outstanding discovery issues, both of which Take-Two has apparently ignored. (Declaration of Gary Trachten, dated May 1, 2008, ¶¶ 1, 12-13.) At this point, the Court refrains from wading into this morass except to remind the attorneys of record that this Court's time (not to mention their client's money) is more judiciously spent on only those matters that cannot be resolved in advance by counsel who maintain open lines of communication, and who treat each other and the discovery process with respect.

  Accordingly, it is hereby ORDERED that plaintiff's motion is denied in its entirety, subject to renewal at a later point in time.

SO ORDERED.

Dated: New York, New York
   May 19, 2008

                  _____
                   GERARD E. LYNCH
                   United States District Judge