UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X        ECF Case
SAMUEL A. JUDD,                                                        07 Civ. 7932 (GEL)(HP)

                      Plaintiff,

        -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                 Defendant.
-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION FOR RECONSIDERATION**

**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

Counsel:   Gary Trachten

**Introduction**

The plaintiff moves for reconsideration or reargument of this Court's May 20, 2008 Order ("the Order") denying his motion only insofar as the Court therein (a) did not award him the reasonable expenses incurred in making his motion, and (b) did not order that overdue discovery be provided by a date certain. This motion is made solely on, and is fully separated by, the factual record of the underlying motion, which the Court well summarized in the Order.

**Argument:**

**POINT I       FED.R.CIV.P. 37(A)(5)(A) MANDATES THAT IF THE DISCOVERY SOUGHT ON A MOTION TO COMPEL IS PROVIDED AFTER THE MOTION IS FILED, THE COURT PRESUMPTIVELY "MUST" ORDER THE DISCLOSING PARTY TO PAY THE MOVANT'S EXPENSES, SUBJECT TO LIMITED EXCEPTIONS.**

When he filed his motion, the plaintiff was not aware that in response to his December 28, 2007 discovery demands (and as the record on the motion shows) approximately 92% of the total number of pages produced before the Order and the answers to 19 of the plaintiff's 23 interrogatories would suddenly, for the first time, be forthcoming in the days soon *after* the defendant received the motion. Therefore, the plaintiff's brief (at page 11) on the matter of post-motion disclosure under Fed.R.Civ.P. 37(a)(5)(A) was very succinct. Additionally, the Court issued the Order a couple of days before the expiration of the plaintiff's time to file the reply in which he planned on addressing the Rule 37 consequences of the post-filing disclosure.[1] The Order addressed neither how Rule 37(a)(5)(A) applies to the facts of record nor revealed whether the Court made any determinations concerning the applicability of Rule 37(a)(5)(A)(i), (ii) and (iii), (which subsections set forth the exceptions to a mandatory award of expenses when

---

[1] Applying together LCR 6.1(a), Fed.R.Civ.P 5(b)(3), Fed.R.Civ.P 5(b)(2)(E) and Fed.R.Civ.P 6(d), the plaintiff's reply was not due until May 22, 2008.

discovery is provided in response to a motion). The foregoing circumstances and the governing law lead the plaintiff to believe that the Court overlooked controlling authority and certain matters of perspective that otherwise would have led the Court to rule differently.[2]

The governing Rule[3] equates a respondent's disclosure in response to a motion to compel with the granting of such motion against the respondent. In each case, the Court *must* award to the movant his reasonable expenses of the motion except in those circumstances discussed below. "The great operative principle of Rule 37(a)(4) [now 37(a)(5)] is that the loser pays." Wright Miller Marcus, *Federal Practice and Procedure,* § 2288. The interplay between the mandate to award expenses and the exceptions to that mandate reflects a presumption that is intended to encourage the awarding of expenses and fees wherever applicable." *See*, *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 209 (1999) n.5; *Deluca v. Bank of Tokyo – Mitsubishi UFJ,* 2007 WL 4563921 (S.D.N.Y.); *Rivers v. American Express Centurion Services Corporation,* 184 F.R.D. 670 (M.D. Fla. 1998) (Award of expenses does not require finding of willfulness); *Cf. Miltope Corporation v. Hartford Casualty Insurance Company,* 163 F.R.D. 191, 195 (S.D.N.Y. 1993) ("The typical discovery sanction under Rule 37 is an assessment of costs and fees to the victimized party. The purpose of such sanction is largely compensatory," quoting then District Judge Cabranes). The plaintiff submits that the

---

[2] The plaintiff believes that the Court may have also overlooked scrutinizing the objections that the defendant interposed pre-motion instead of answering, at all, 19 of the plaintiff's 23 interrogatories. The plaintiff is of the view that it is unlikely that the Court could upon such examination find those responses as anything other than unjustifiable obstruction that went uncured until the defendant faced the motion.

[3] Fed.R.Civ.P.(a)(5)(A) provides (italics in the original): *If the Motion is Granted (for Disclosures or Discovery is Provided After Filing)*. If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order the payment if:
    (i)       the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii)     the opposing party's nondisclosure, response, or objection was substantially justified ; or
    (iii)    other circumstances make an award of expenses unjust.
(emphasis by underline supplied).

presumptive inquiry that the Rule gives rise to is what were the circumstances at the time that the motion was filed, rather than at the time the motion is decided.

Under Rule 37(a)(5)(A), the exceptions to a mandatory award apply only when (1) the motion was filed without making a good faith effort to obtain discovery without court action, (2) non-disclosure (or opposition to disclosure) is substantially justified, or (3) an award would be unjust under the circumstances. The burden of persuasion is on the non-disclosing or the party who discloses after the motion is filed, to make a competent showing to avoid assessment of expenses and fees, rather than on the party who through the motion obtain discovery to show entitlement to an award. *Addington v. Mid-American Lines,* 77 F.R.D. 750, 51 (W.D. Mo 1978); Wright Miller Marcus, *Federal Practice and Procedure,* § 2288, text at n.29. As shown below, the exceptions are inapplicable to the circumstances at bar.

1.    <u>Good Faith Effort</u>

The only exception to mandatory fee shifting that the defendant explicitly claimed (in a conclusory manner) to be applicable is that the plaintiff "has made no good faith effort to  obtain the information sought without court action." Defendant's Memorandum, p. 8. The Order notes that to his show good effort to obtain discovery without judicial intervention, plaintiff's counsel points to his April 11, 2008 and April 14, 2008 letters (both of which explicitly invited the defendant's communication and conferring) and that, the Court accurately noted, the defendant "ignored." Though  unmentioned in the Order, the plaintiff's efforts are also demonstrated by his March 31, 2008 letter that, though not initially ignored, was responded to with an April 3, 2008 commitment to serve revised interrogatory and document responses which commitment went unfulfilled for more than six weeks (until after the motion was filed more than four weeks after the commitment). Those efforts are also demonstrated by the communications reflected in

the numerous letter and email communications exhibited to the plaintiff's counsel March 27, 2008 letter to the Court.[4]  Those communications plainly, repeatedly and unsuccessfully sought the defendant's cooperation on discovery matters, the cumulative responses (and non-responses) to which led to the plaintiff's first, March 27, 2008, request for judicial intervention as well as to the motion to compel.[5]

While the plaintiff is wary of the plight of the messenger, the message he brings is unassailable: The competent evidence shows both (a) considerable pre-motion efforts by the plaintiff to obtain discovery through well prepared and clear communications (including citation of authority) to adverse counsel, and (b) a clear basis for concluding that continued non-judicial efforts would be insufficiently productive.  The plaintiff reasonably was concerned that further delay in seeking judicial intervention could put him at risk of being faulted for not with unwarranted dispatch utilizing the Rules' enforcement mechanisms, to his possible prejudice.[6] The record belies the defendant's contention that "plaintiff was aware that defendant was engaged in substantial, rolling document production."  On the contrary, the record plainly show that from April 4 until May 15, 2008, the defendant produced not a page *and* ignored letters seeking clarification about apparent production gaps and other matters concerning what had been produced.  Plaintiff respectfully submits that his obligation to seek to enforce his discovery rights

---

[4] For example, plaintiff counsel Alisa Silverstein's March 14, 2008 email with respect to past due discovery indicating "if we do not receive the outstanding discovery by March 19th, we will have no choice but to seek the court's intervention" did not yield any discovery (or any progress on stipulation to a confidentiality order) until *after* the plaintiff sought judicial intervention about 2 weeks later.

[5] Despite this history, the defendant's Memorandum (at page 6) went so far as to characterize the motion to compel as a "frivolous motion", seeming to reflect if not the arrogance that the plaintiff perceived and responded to in choosing to seek judicial assistance, than at least an insufficient appreciation of its discovery obligations.

[6] Although the Rules set no deadline for when a motion to compel must be made, courts have broad discretion regarding when to treat such motions as untimely, to guard against protracted discovery.  In this regard, some local U.S. District Court rules have required that motions to compel be made within a short period after receipt of the discovery response. *See generally, Sulfuric Acid Antitrust Litigation,* 23 F.R.D. 331, 332-33, (N.D. Ill. 2005)(noting, for example, local rules that require a motion to compel to be made within 20 days and 30 days after receipt of responses).

without court action does not extend to being a constant nag, especially when his communications are repeatedly actually and/or effectively ignored.

2.    Non-Disclosure Not Shown as Justified

The defendant's opposition papers fall very short of competently showing that any of its following conduct was "substantially justified": (a)  providing any substantial discovery *only* in the fairly immediate aftermath of the plaintiff's two (prior to this motion) requests for judicial intervention; (b) answering the overwhelming majority of interrogatories (which merely seek identifications of persons) more than four and a half (4½) months after they were served (without obtaining an additional agreement or judicial leave extending time after the stipulation extending its time expired), and then only after the motion to compel was filed or (c) still, after 4½ months, neither producing all requested documents nor even committing to do so except, on a rolling basis, before the close of the entire discovery period.[7]  The plaintiff urges that the defendant not be permitted to unilaterally reserve to itself the ability to effectively force the plaintiff into taking depositions before obtaining the documents about which he wishes to examine the deponents.

The defendant could have offered competent testimony explaining why counsel entirely ignored the plaintiff's letters, but glaringly did not do so.  Instead, counsel chose to vouch for her client's ongoing diligence – without showing that she has personal knowledge of the matters about which she provided testimony.  It is axiomatic that lawyers' declarations cannot establish the truth of what their clients tell them.  Even if the Court would nonetheless credit Ms. McKenna's Declaration as competent evidence in all respects, her testimony nonetheless fails to provide any details about the actual timing and pace of the defendant's efforts upon which details

---

[7] By way of another example of unjustified non-responsiveness, it took the defendant more than a month merely to acknowledge, after the motion to compel was filed, that the plaintiff had correctly identified a gap in documents that the defendant had intended earlier to produce, and to then produce them.

the Court could make an informed determination about whether the long periods of nondisclosure were justified.  The defendant plainly did not meet its burden on this point.

3.      An Award of Express Would Serve the Interest of Justice

In making the instant motion, the plaintiff is mindful of the Court's concern about the Court's time and client's money being spent unproductively because of what the Court may perceive as attorney wrangling.  However, this motion is not about ego, making points, or the like.  It is only about compensation of the plaintiff, *where the Rule provides for it*, for his expenses necessitated by the defendant's conduct.  The Court was no doubt correct in identifying client expenses as an issue, and in this regard, the plaintiff asks the Court to please consider the choice that, prior to making the motion, his attorney reasonably perceived: His choice, as it appeared, was to either continue on his client's dime to make expensive and apparently unproductive efforts to invite the defendant to be engage and produce, or (relying on the tool of Rule 37) he could on the defendant's presumptive dime productively obtain discovery.  It was the plaintiff's counsel's duty to his client to employ Rule 37 to pursue discovery in a manner that shifts the cost of such pursuit.  The plaintiff does not here seek to punish the defendant on this motion.  He merely seeks not to have had to bear the expenses of a motion properly made, *i.e.* to enforce the Rule as its drafters intended, where the evidence readily shows that making the motion was effective.

While it is undoubtedly the obligation of all counsel to together endeavor to work cooperatively through pre-trial discovery, the circumstances show something very far from an equivalency of fault leading to the matter to be submitted to the Court. Respectfully, the plaintiff submits that, under the circumstances that obtained when the motion was made (which readily suggested that the defendant's commitment to giving the matter appropriate attention was an

empty one), the plaintiff both rightly and wisely invoked Rule 37.  Both Rule 37's loser-pays

presumption and the interests of justice warrant application of the Rule's fee shifting feature.  To

do otherwise would be to effectively punish the plaintiff for the defendant's continuing (through

when it learned of the motion) unjustified failure to give the case the attention it deserves.[8]

We add one point: The defendant has not claimed that it made any effort to reduce its

burden or reduce the parties' costs by engaging the plaintiff in any discussion about how certain

demands were perhaps yielding excessive amounts of immaterial documents and exploring

whether or how the requests or responses might be tailored in light of what it found to exist.

**POINT II          THE      COURT      SHOULD      ORDER      THAT      THE
                    DEFENDANT PROVIDE PAST-DUE DISCOVERY BY A
                    DATE CERTAIN.**

Although, the defendant argued (fairly, as it has *now* come to appear) that the date that

the plaintiff had proposed for the defendant's completing its past-due disclosures was

unreasonably too soon, it notably did not propose another deadline date to which it would

comfortably submit.  Nor did the Court set one.  The defendant does not contend that it has yet

provided all the responsive and relevant documents requested on December 28, 2007.

The plaintiff respectfully submits that when a party properly moves to compel and past

due responsive and relevant discovery remains past due upon the motion's disposition, it should

be fairly automatic that the Court order that such discovery be provided.  The plaintiff urges that

---

[8] The defendant's plea to the interests of justice seems to be based on its wholly unsupported and prejudicial argument, (mischaracterizing the plaintiff's fairly directed communications of record as "vitriolic letter writing campaigns" indicative of "scorched earth litigation"), that "plaintiff's litigation tactics suggest a vengeful former employee using litigation to pressure former employer to pay money he did not earn and to which he is not entitled." Defendant's Memorandum, p. 4 - 5.  Such an unsupported personal attack has nothing to do with whether the defendant had been meeting its discovery obligations and is facially out of line.  The very making of this argument fairly suggests an attitude that ought not weigh in the defendant's favor.  A motion to compel is not properly defended by a nakedly conclusory assertion that the movant's underlying claim is without merit.  In any event, a fair reading of the record shows that the plaintiff's "litigation tactics" instead suggest a plaintiff who twice invoked the Court's assistance because of his frustration with the defendant's persistent unresponsiveness to discovery matters and to the plaintiff's communications in that regard.

such an Order is even more so called for when, as here, the provided discovery twice came only as apparent responses to the moving party's going to the Court for assistance. The Rules appear to provide for road map for obtaining discovery: first, discovery within the time limits set by the Rules; then, upon non-compliance with the Rules, conferring; then, informal approaches to the Court (which may not yield an order compelling disclosure) then, a motion to compel to obtain an Order compelling disclosure (and payment of expenses); and then, upon non-compliance with an Order, additional sanctions. The plaintiff does not perceive any good reason why the Rules' scheme ought not have been applied to the circumstance shown.

The plaintiff points out that the defendant's opposition made much of the fact that (however late its disclosures might be under the Rules, and despite the Court's April 3, 2008 recitation of the defendant's prior "inaction" and new commitment with respect to responding to its months-old discovery demands) it had not violated any discovery orders. In the event of further non-compliance or unreasonably slow compliance, the defendant ought not be permitted to point to the absence of an Order to evade the consequences of the enforcement mechanisms that should be available with regard to more than 5-month-old discovery requests. The plaintiff submits that the contemplation of the Rules' drafters will best be served by the Court's issuance of an Order setting a reasonable deadline for when the defendant will complete its production and revisions of interrogatory responses, and to so certify. The plaintiff is amenable to the Court's giving deferential consideration to whatever reasonable deadline the defendant might suggest in response to this motion. The plaintiff also recognizes that such deadline, once set, might later be re-visited for good cause.

**Conclusion**

      For all of the forgoing reasons, the plaintiff respectfully urges that the instant motion be

granted.

Dated: June 2, 2008

<div style="margin-left: 40%;">

Respectfully submitted,

KUDMAN TRACHTEN ALOE LLP
Attorneys for Plaintiff

By: ___/s/Gary Trachten___
   Gary Trachten (GT5480)

</div>