UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAMUEL A. JUDD,

                                                                                07 Civ 7932 (GEL) (HP)

                Plaintiff,

       -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                Defendant.

--------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Take-Two Interactive Software, Inc. ("Defendant" or "Take-Two"), by and through its counsel, Proskauer Rose LLP, submits this memorandum in opposition to Plaintiff's Motion for Reconsideration (the "Motion").

## **PRELIMINARY STATEMENT**

Ignoring the Court's admonition that the parties in this case should more judiciously spend the Court's time and their clients' money, Order of May 20, 2008 ("Order") at p. 2, Plaintiff has filed yet another motion. In his Motion for Reconsideration, Plaintiff takes issue with the Court's (i) failure to award him the expenses incurred in making his unsuccessful motion to compel, and (ii) failure to order a date certain for completion of Defendant's electronic document production.[1]

A motion for reconsideration is not an opportunity to simply disagree with a Court's prior rulings. Rather, the movant must demonstrate that the Court overlooked controlling law or important factual maters that would have led the Court to a different result. Plaintiff has not met and cannot meet this standard.

First, Plaintiff himself notes that the factual record was "well summarized in the Order," conceding that the Court did not overlook any factual matter. Pl. Memo at 1. Second, as evidenced by the Court's discussion of the facts and circumstances concerning discovery, the Court did not ignore any controlling precedent. Rather, consistent with Fed. R. Civ. P. 37(a)(5), the Court evaluated the circumstances surrounding the motion and concluded that an award of reasonable expenses was unjust. Because the Court did not overlook any factual matter and correctly applied controlling law, Plaintiff's motion for reconsideration should be denied.

---

[1] Given that Defendant's revised Interrogatory responses were served on Plaintiff prior to the Court's Order, Plaintiff cannot be asking the Court to provide a deadline for an event that has already happened. Plaintiff has reviewed the Interrogatory responses and by letter dated June 3, 2008 (after the Motion for Reconsideration was filed) asked Defendant to clarify only one of its responses.

**ARGUMENT**

**I. A MOTION FOR RECONSIDERATION SHOULD BE GRANTED ONLY WHERE THE MOVING PARTY DEMONSTRATES THAT THE COURT HAS OVERLOOKED FACTUAL MATTERS OR CONTROLLING PRECEDENT THAT WERE PRESENTED TO IT ON THE UNDERLYING MOTION AND THAT WOULD HAVE CHANGED ITS DECISION.**

"A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004); Colodney v. Continuum Health Partners, Inc., No. 03-7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004); see also In Re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003).[2]

To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 U.S. Dist. LEXIS 3165, at *2 (S.D.N.Y. Mar. 21, 2001). aff'd, 37 F. App'x 23 (2d Cir. 2002); see also Colodney v. Continuum Health Partners, Inc., No. 03-7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004) (reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided) (citation omitted). Thus, "a party in its motion for reargument may not advance new facts, issues or arguments not

---

[2] A motion for reconsideration, also known as reargument, is governed by Local Rule 6.3 and Federal Rule of Civil Procedure 59(e). See Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002). The standards set forth in Local Rule 6.3 and Fed. R. Civ. P. 59(e) are identical. See Alexander v. Turner Corp., No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001).

2

previously presented to the court." O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist., 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).[3]

## II. THE COURT DID NOT OVERLOOK FACTS OR CONTROLLING PRECEDENT THAT WOULD HAVE CHANGED ITS DECISION.

Plaintiff's asserts that this Court "overlooked controlling authority" by neglecting, misreading or otherwise failing to take into account the import of Fed. R. Civ P. 37 ("Rule 37") when declining to award Plaintiff his reasonable expenses.[4] Pl. Mem. at 2. No basis exists, however, for suggesting that this Court failed to comprehend the law here. As recently as February 19, 2008, this Court engaged in a lengthy analysis when deciding to impose sanctions for disregarding discovery obligations pursuant to Rule 37, albeit involving a different subsection of Rule 37. Tse v. UBS Fin. Servs., Inc., 03 Civ. 6234, 2008 U.S. Dist. LEXIS 11915, at *121-22 (S.D.N.Y. Feb. 19, 2008) (Lynch, J.). In Tse, the Court noted its "broad discretion" to award reasonable expenses based on discovery misconduct under Rule 37 and, in fact, awarded a party a portion of its reasonable expenses. Given this Court's analysis and decision in Tse, there is no reason to second-guess this Court's familiarity with Rule 37, or to suggest that it overlooked the import of the Rule when deciding not to award either party its reasonable expenses in connection with Plaintiff's motion.

---

[3] Plaintiff's Motion for Reconsideration is almost entirely premised on arguments not presented below. Although Plaintiff properly notes he could not have addressed the fact that Defendant produced documents after he filed his motion, the general arguments he now presents concerning the awarding of reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) could have been presented in his Motion to Compel. Moreover, Plaintiff's insinuation that he was somehow denied a reply, see Pl. Memo at 1, n.1, is disingenuous. Plaintiff specifically asked this Court to treat his May 13, 2008 letter to the Court as a "reply."

[4] Plaintiff also claims that the Court overlooked "certain maters of perspective that otherwise would have led the Court to rule differently." Although it is unclear what Plaintiff implies by this statement, it is unrelated to the standard used to decide a motion for reconsideration, and sounds merely like a disagreement with the Court's decision. See In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

3

Clearly, the Court is aware of its authority to impose discovery sanctions and it strains credulity to believe that the Court was not aware of the contours of Rule 37(a)(5) when it properly concluded that an award of reasonable expenses was not appropriate given the circumstances in this case.

**A.    Fed R. Civ P. 37(a)(5)(A) Does Not Require The Imposition Of Costs And Fees.**

Notwithstanding Plaintiff's assertion that the language of Rule 37(a)(5)(A) mandates the imposition of fees in this case because Defendant produced documents and revised interrogatories after the motion was filed, district courts frequently deny the awarding of expenses where the discovery sought in a motion to compel is produced while the motion is still pending.[5] See Seats v. Hooper, No. 96-3244, 1997 U.S. Dist. LEXIS 14906, at *2-3 (E.D. Pa. Aug. 15, 1997) (finding even if production is made after motion, "that rule [current Rule 37 (a)(5)(A)], though cast in mandatory language, provides that the court need not award such expenses if the court finds that the circumstances of the discovery dispute would make an award of expenses unjust"); see also Turtle v. Castle Records, Inc., No. 03-3922, 2005 U.S. Dist. LEXIS 39339, at *2-3 (N.D. Cal. Feb. 8, 2005) (denying objection to Magistrate's rejection of sanctions where opposing party's production of sought discovery made the motion to compel "moot," and where opposing party advised the court that additional documents were "forthcoming"); see also, Catalano v. GWD Mgmt. Corp., No. CV 403-167, 2005 U.S. Dist. LEXIS 45255, at *47 (S.D. Ga. Mar. 30, 2005) (denying request for attorneys fees "even though

---

[5] Plaintiff's assertion that under Rule 37(a)(5)(A) a court must award of reasonable expenses is wrong because, as he notes, there are conditions, which if met require that a court "must not order payment." The Rule contemplates that a court will evaluate the circumstances surrounding the dispute to decide if expenses are justified. If consideration of the circumstances was not involved, a literal reading of the Rule would require that expenses be awarded every time a motion to compel was granted or denied—that is simply not the case. See Rule 37(a)(5)(A); see also Rule 37(a)(5)(B) (providing expenses must be awarded if motion to compel is denied).

4

such compliance [with interrogatories] occurred only after plaintiff sent numerous letters and filed a motion" to the court, as defendant's objections were "substantially justified").

The effect of the Court's Order, which determined that an award of reasonable expense to either party was unjust, was consistent with Rule 37. See Seats v. Hooper, No. 96-3244, 1997 U.S. Dist. LEXIS 14906, at *2-3 (E.D. Pa. Aug. 15, 1997) (finding "that rule [current Rule 37 (a)(5)(A)], though cast in mandatory language, provides that the court need not award such expenses if the court finds that the circumstances of the discovery dispute would make an award of expenses unjust"). Any delay in Defendant's service of revised written discovery responses did not delay the proceedings and certainly did not prejudice Plaintiff. Plaintiff should not be awarded sanctions based on Defendant's interrogatory responses because the responses served stated only reasonable objections and responded substantively to several requests. See Benitez v. Straley, 01 Civ. 0181, 2008 U.S. Dist. LEXIS 10927, at *5 (S.D.N.Y. Feb. 13, 2008) (denying Rule 37 sanctions where defendant's delay in responding to discovery requests was not based on "bad faith," and finding the motion "moot" where defendant cured defects in discovery after the filing of the motion). In addition, Defendant was actively fulfilling its discovery obligations.[6] For example, Defendant timely served its Responses to Request for Admissions on the same day Plaintiff moved to compel. As noted in Defendant's opposition to the Motion to Compel, discovery has not closed, and Plaintiff's motion was not seeking additional disclosures. Rather,

---

[6] The Court also considered the circumstances surrounding the filing of the motion. Before making his motion, Plaintiff should have called Defendant's counsel and to at least inquire as to the status of any forthcoming production. Plaintiff was aware that Defendant was engaged in substantial, rolling document production, and had served Responses To Requests to Admit before Plaintiff refilled his motion. McKenna Declaration of May 16, 2008 at 12-14. Rather than meet and confer, or even make a telephone call or send an e-mail message concerning the status of revised written discovery responses, Plaintiff choose to file prematurely a motion to compel. Plaintiff cannot and did not show that making a phone call to Defendant's counsel would have not yielded a response. Plaintiff was properly denied costs or fees related to the filing of a motion he could have avoided altogether by picking up the telephone. See Seats v. Hooper, No. 96-3244, 1997 U.S. Dist. LEXIS 14906, at *3 (E.D. Pa. Aug. 15, 1997) (denying to award reasonable expenses under Rule 37 where movant's counsel "did not telephone [opposing] counsel to inquire into the status of the promised response before filing the motion to compel").

5

he sought to cure what he views as overbroad objections; objections which Defendant revised and on the basis of which, Defendant did not withhold any documents.

### B. A Discovery Schedule Is The Improper Subject Of A Motion For Reconsideration.

Setting a discovery schedule, a matter squarely within the discretion of the district court, and unencumbered by the strictures of any rule, is clearly an inappropriate subject for a motion for reconsideration. Plaintiff himself notes that the factual record was "well summarized in the Order," Pl. Memo at 1, conceding that the Court did not overlook any factual matter when evaluating whether or not to set a date certain by which all electronic documents must be produced. Clearly, discovery schedules are not controlled by legal precedent. Therefore, Plaintiff's request for reconsideration is inappropriate.

Nevertheless, Defendant notes that such an order is also unnecessary in light of its production. Since the May 20 Order, Defendant has produced over 63,000 pages of responsive material in two traunches, the first on May 23, 2008 and the second on June 3, 2008.[7] This production was based on the review of approximately 600,000 pages of electronic documents. There remain 1.7 million pages of documents to be reviewed by Defendant, and Defendant will continue to produce responsive electronic documents as quickly as they can be located and aggregated into a unit large enough to warrant production.

Although Defendant maintains that a discovery schedule is an improper subject of a motion for reconsideration, if the Court decides to set a schedule, Defendant respectfully requests that such a schedule take into account the approximately 1.7 million pages of documents that remain to be reviewed. Defendant's good-faith estimate is that it will be able to produce all

---

[7] As Defendant previously represented to the Court, it has already produced all responsive hard-copy documents that were located.

6

remaining relevant electronic documents on or before July 1, 2008 — over a week before the current discovery deadline.[8]

## CONCLUSION

Take-Two respectfully requests that this Court deny Plaintiff's motion for reconsideration in its entirety.

Dated:   New York, New York
         June 6, 2008

>                   PROSKAUER ROSE LLP
>
>
>                   By:   s/ Kathleen M. McKenna
>                         Kathleen M. McKenna
>                         Thomas A. McKinney
>                         Ian C. Schaefer
>                   1585 Broadway
>                   New York, New York 10036
>                   (212) 969-3000
>
>                   *Attorneys for Defendant*

---

[8] This assumes a review rate of 100 documents per hour (at an average document size of 28 pages), and five attorneys reviewing documents. Ironically, in a letter dated June 3, 2008, Plaintiff's counsel now asserts that he is receiving too many documents that are admittedly responsive to his requests. In essence, he concedes that is requests were overbroad—the same objection he faulted Defendant for advancing and on which he based, in part, his motion to compel. Defendant will endeavor to work with Plaintiff to see if the number of documents reviewed and produced can somehow be reduced.