UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X     ECF Case
SAMUEL A. JUDD,                                                    07 Civ. 7932 (GEL)(HP)

                Plaintiff,

    -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

                Defendant.
------------------------------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
## OF MOTION FOR RECONSIDERATION

**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

Counsel:   Gary Trachten

**Introduction**

The plaintiff submits the following points in reply to the defendant's opposition to his motion for reconsideration.

**POINT I    THE COURT'S RESOLUTION OF THE PLAINTIFF'S INITIAL MOTION TO COMPEL AND FOR AN AWARD OF EXPENSES IS PROPERLY SUBMITTED FOR RECONSIDERATION.**

With respect to the standard for when a motion for reconsideration is proper, the record suggests that when the Court issued its Order, it overlooked at least that the plaintiff then still had time to file a reply. A reply would have afforded the plaintiff its first opportunity to submit argument (and/or reply testimony) concerning the implications of the defendant's providing discovery post-motion. If "overlooked" means did not consider, it can fairly be stated that the Court overlooked what the plaintiff, not having had a full opportunity to submit a reply, has offered in the instant motion.

The plaintiff will leave it to the Court to decide what adjectives fairly characterize the defendant's argument, in footnote 3 of its brief, that "[p]laintiff's insinuation that he was somehow denied a reply … is disingenuous", further asserting that "plaintiff specifically asked this Court to treat his May 13, 2008 letter to the Court as a `reply` ". Thus, the defendant argues that the plaintiff's May 13, 2008 letter was intended to be, and should be deemed, a prophetic reply to future May 16, 2008 opposition papers. As the defendant is undoubtedly aware, the May 13, 2008 letter explicitly asked the Court to consider that letter as a "`reply` to the defendant's non-service of answering papers" – not a reply addressing what would only later be a sudden new post-motion wave of past-due discovery. The plaintiff submits that the fact of the defendant's making the above argument calls for the Court to be skeptical in considering all of the defendant's other contentions.

1

The defendant cites *Tse v. UBS Financial Services, Inc.*, 2008 WL 463719 (S.D.N.Y. Feb. 19, 2008), arguing that it shows that this Court did not overlook what the plaintiff might have argued (or first argued on the instant motion) because this Court recently ruled on a Rule 37(c)(1) sanctions motion. However, that plaintiff's motion was pursuant to Rule 37(a), and related to a set of circumstances not at all similar to those discussed in *Tse*. Even if (as the defendant appears to suggest) a Court's prior ruling on an issue in another case would be grounds to deprive a party from being heard in reply, *Tse* is in any event distinguishable because it involved neither past due discovery being provided in response to a motion, nor a situation where a prior application by the movant for judicial intervention had not yielded an order compelling disclosure, nor a situation where the responding party had ignored correspondence about past due discovery. *Tse* is relevant to this motion only insofar as it stands generally for the proposition that expenses should ordinarily be ordered paid when doing so falls within the contemplation of Rule 37. *Id.*, at \*\* 35-36.

**POINT II    THE COURT SHOULD STRIKE FROM AND DISREGARD THOSE ASSERTIONS IN THE DEFENDANT'S BRIEF THAT ARE DEHORS THE RECORD.**

Local Civil Rule 6.3 pointedly directs that on a motion for reconsideration or reargument, "[n]o affidavits shall be filed by any party unless directed by the Court." Thus, the Rule clearly contemplates that such motions be decided based solely on the factual record before the Court when it rendered the ruling for which reconsideration is sought. Nonetheless, the defendant attempts to circumvent the Rule by purposefully and incompetently introducing, via its brief, immaterial factual assertions about post-Order events. Such assertions are made in the references in footnotes 1 and 8 of the defendant's brief to an unexhibited June 3, 2008 letter from the plaintiff's counsel. These impertinent references, reflective of yet further defendant

2

disregard of applicable rules, should be stricken.[1]  In any event, the defendant does not assert in its brief that it has since the Order further supplemented or amended the interrogatory answers.  The plaintiff continues to contend that, under the standard set out in Rule 37(a)(3), those interrogatory answers remain incomplete, and refers the Court to the defendant's answer to Interrogatory no. 17.  The motion to compel past-due interrogatory answers is not moot.

**POINT III    THE CASES CITED BY THE DEFENDANTS ARE SUFFICIENTLY DISTINGUISHABLE IN MATERIAL RESPECTS; THEY OFFER INSUFFICIENT OPPOSITION TO THE PLAINTIFF'S MOTION FOR EXPENSES.**

The cases cited by the defendants in support of its contention that it should be excused from paying the plaintiff's expenses in moving to compel are readily distinguishable from the case at bar.  In *Catalano v. GWD Management Corporation,* 2005 WL 5519861 (S.D.Ga.), the motion to compel concerned only two particular interrogatories, full compliance with which occurred after the motion to compel was filed.  Although the Court denied the motion to compel because it was entirely moot (which is not yet the case with respect to the motion at bar), its denial of attorneys fees was separately based on an explicit judicial finding that the prior non-compliance was in accordance with objections that were "substantially justified."  *Id.* at **15-16.  This Court has not made such a finding, and the plaintiff submits that the record does not show such justification.

The defendant's reliance on *Seats v. Hooper,* 1997 WL 1525945 (E.D. Pa.) is also misplaced.  *Seats* is readily distinguishable because in that case the movant's pre-motion efforts at obtaining compliance without a formal motion were far fewer than the multiple efforts made by the plaintiff at bar.  Also, that case did not involve, as does the case at bar, a respondent who

---

[1] Giving due regard to the governing rule, the plaintiff resists the temptation to herein correct and contextualize the defendant's assertions.  Suffice it to say that the plaintiff contends that those assertions are misleading and prejudicial.

on multiple times ignored communications from the party requesting discovery, and repeatedly failed timely to keep its own specific and general discovery commitments. The instant case is therefore not factually similar to the *Seats* case. Similarly, an apparent key and perhaps determinative factor in denying an award in *Turtle v. Castle Records Incoroporated*, 2005 WL 300083 (W.D. Cal.), *i.e.,* the plaintiff-movant's "failure to alert defendants to such delay," is not a circumstance that can be found here. In the case at bar, defendant had undoubtedly been made aware by the plaintiff and Court, and indeed acknowledged, that it needed to become more attentive than it had been to its discovery obligations. Subsequently, the defendant ignored the plaintiff's letters concerning past due discovery.

**Conclusion**

  For all of the reasons set forth in his moving brief and this reply, the plaintiff respectfully request the Court to grant his motion for reconsideration and for the relief thereby sought.

Dated: June 10, 2008

                Respectfully submitted,

                KUDMAN TRACHTEN ALOE LLP
                Attorneys for Plaintiff


            By: **/s/Gary Trachten**
              Gary Trachten (GT5480)