UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMUEL A. JUDD,

             Plaintiff,

  -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

             Defendant.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08

07 Civ. 7932 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

    Plaintiff moves for reconsideration of the Court's Order of May 19, 2008, insofar as that order failed to award him attorney's fees in connection with his motion and did not set a date certain for completion of defendant's production. The motion will be denied.

    First, plaintiff argues that because defendant provided requested discovery after he filed his motion, an award of fees is mandatory under Rule 37(a)(5)(A), Fed. R. Civ. P. However, the rule expressly affords the Court discretion in determining whether to award fees, counseling that a court "must not" make such an award if the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Here, plaintiff failed to comply with this Court's Individual Rules, see Individual Practices of Gerard E. Lynch (rev. September 18, 2006), Rule 2A ("Motions: Pre-Motion Conferences in Civil Cases"), and with Local Civil Rule 37.2, which forbid formal discovery motions without first seeking a conference with the Court, and provide a more efficient and less expensive procedure for posing discovery disputes. Thus, plaintiff's motion was unnecessary and in violation of local practice, and it would be unjust to reward such violations by requiring defendant to pay for expenses that would not have been incurred had plaintiff followed the rules. See Seats v. Hooper, No. 96 Civ. 3244, 1997 WL 1525945, at *1 (E.D. Pa. August 15, 1997) ("Because plaintiffs' counsel failed to take . . . a simple step that could have averted the filing of the motion to compel, no award of expenses is justified").

    Second, there is no need for setting a deadline for defendant to complete its production. Defendant has represented that its production will be completed by July 1, 2008. Although defendant's production has hardly been exemplary for expedition, this Court takes this representation seriously, and expects defendant to take seriously its obligation to provide a complete and timely response to plaintiff's demands.

    In its prior order, the Court emphasized that the Court's time, and the parties' money, would be better spent on cooperative efforts to expedite discovery, maintain proper and respectful communication between counsel, and resolve disagreements in an efficient and

informal manner in keeping with the tradition of this Court. Plaintiff's motion for reconsideration, which yet again resorts to formal motion practice in violation of Local Civil Rule 37.2, suggests a need to re-emphasize this message.

 Accordingly, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
   June 13, 2008

                 _____
                 GERARD E. LYNCH
                 United States District Judge