```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
SAMUEL A. JUDD,                                              :
                                                             :
                       Plaintiff,                            :
                                                             :   07 Civ. 7932 (GEL)
       -against-                                             :
                                                             :   OPINION AND ORDER
TAKE-TWO INTERACTIVE SOFTWARE, INC.,                         :
                                                             :
                       Defendant.                            :
                                                             :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/09

GERARD E. LYNCH, District Judge:

    By joint letter dated January 28, 2009, the parties seek judicial resolution of various disputes that have arisen during the course of the discovery process. Plaintiff complains that although defendant has produced certain documents related to its employees' bonus compensation, misinformation provided by various of defendant's employees prevented him from identifying the specific individual(s) possessing information about the source and meaning of those documents, as well as information regarding the discrepancies between the data contained in the documents and defendant's arguments concerning the cause of plaintiff's failure to receive any bonus compensation while in its employ. Plaintiff therefore petitions the Court for permission to propound additional interrogatories or to take an additional deposition on written questions. Plaintiff admits that he has had the opportunity to depose several of defendant's employees and to question them about these documents. Nevertheless, he contends that he has the right to obtain an explanation of the inconsistencies in the evidence.

    While defendant's argument that the bonus-related documents are irrelevant is unpersuasive, plaintiff has had ample time to notice a 30(b)(6) deposition or to take other measures to obtain the information that, more than three months after the close of discovery, he now seeks. Parties undoubtedly are in the habit of undertaking a certain amount of "clean-up" after the close of discovery. However, measures as extensive as propounding additional interrogatories or commencing a new deposition can hardly be considered "clean-up." Moreover, although plaintiff seeks to have defendant explain the discrepancies he cites, he ignores the fact that the discrepancies themselves are evidence. As he is more than able to argue the inferences to be drawn from such discrepancies, plaintiff's petition to propound additional interrogatories or to take an additional deposition on written questions is denied.

    Plaintiff also requests that the Court order the production of the Microsoft Outlook calendar and training documents for Jonathan Washburn, a Take-Two employee who allegedly became involved with insurance matters previously within plaintiff's purview as early as his first day on the job, though he did not formally assume such responsibilities until September 2007.

Plaintiff contends that he called for production of the calendar at Washburn's deposition and reiterated the request in a December 3, 2008, follow-up letter. That follow-up letter also requested copies of all documents pertaining to any insurance-related programs or classes attended by Mr. Washburn. Although defendant cites Washburn's assertion that he did not assume responsibility for any insurance matters over which plaintiff had authority until after plaintiff's departure as evidence that plaintiff's request is irrelevant, Washburn does not have to be believed, and the calendar and training information are relevant as potential impeachment evidence. As defendant does not dispute that plaintiff requested the calendar at Washburn's deposition, or that plaintiff requested both the calendar and the training documents in his December 3, 2008, follow-up letter, the calendar and training documents shall be produced.

Finally, plaintiff requests that the Court order defendant to produce the last known addresses of a number of former Take-Two employees whom he contends are likely to have information pertaining to a time gap in the portion of Chief Technology Officer John Stern's personnel file containing payroll, job title, and reporting relationship information. According to plaintiff, he first requested this information during the deposition of Courtney Kelley, Take Two's Vice President of Global Human Resources, and again requested it in his December 3, 2008, letter. Because the information pertains to defendant's allocation of responsibility among its employees, any claim that the information is irrelevant is rejected. Thus, while the Court denies plaintiff the right to depose former Take-Two employees, or to take any other action that would constitute a reopening of discovery, plaintiff timely requested the names of such employees and should have the opportunity to interview them should he choose to do so. For the foregoing reasons, to the extent defendant possesses the names and last known addresses of these employees, it shall provide this information to plaintiff.

SO ORDERED.

Dated: New York, New York
       February 3, 2009

_____
GERARD E. LYNCH
United States District Judge